May Term,
1858.

TATE
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.

TATE and Others *v.* THE OHIO AND MISSISSIPPI RAILROAD
COMPANY.

The code (§§ 17, 18, 19, 2 R. S. pp. 30, 31) substantially reënacts the old equity
rules for the joinder of parties.

All who are united in interest must join, *unless they are* so numerous as to
render it impracticable to bring them before the Court.

Those who have a common or general interest may one or more of them bring
an action.

But two or more persons having separate causes of action against the same
defendant, though arising out of the same transaction, cannot unite; nor can
several plaintiffs, in one complaint, demand several distinct matters of relief;
nor can they enforce joint and separate demands against the same defend-
ant.

*Wednesday,*
*May 26.*

APPEAL from the *Dearborn* Circuit Court.

DAVISON, J.— *William Tate* and ten others, each of whom
owns lots of ground fronting on *Williams* street in the city
of *Lawrenceburgh,* united in a complaint alleging their sev-
eral ownerships in the lots, and charging that the railroad
company has located her road upon and in the center of
that street, along the whole length thereof, in front of, and
opposite to, the lots of the several plaintiffs, and has, for a
road-bed, erected in said street an embankment and trussel-
work which excludes them from the street, and which is an
insufferable nuisance. The prayer is, that the company,
who was the defendant, may be compellled to fill up the
street on each side of her railroad track, so as to make the
street passable, or to remove the road, &c., and for other
relief, &c.

There was a demurrer to the complaint, which the Court
sustained, on the ground of a misjoinder of plaintiffs. And
the only question to settle is—had they a right to join in
the action?

The code requires all persons having an interest in the
subject of the action, and in obtaining the relief demand-
ed, except as otherwise provided, to be joined as plaintiffs.
It also requires those who are united in interest to be join-
ed as plaintiffs or defendants. And it then declares that
when the question is one of common or general interest to
many persons, or where the parties are numerous and it is

impracticable to bring them all before the Court, one or more may sue or defend for the benefit of the whole. 2 R. S. pp. 30, 31, §§ 17, 19. These provisions substantially reënact the old equity rules on the subject of parties. All who are united in interest must join in the suit, unless they are so numerous as to render it impracticable to bring them all before the Court, while those who have only a common or general interest in the controversy, may, one or more of them, institute an action. This, however, must not be understood as allowing, in all cases, two or more persons, having separate causes of action against the same defendant, though arising out of the same transaction, to unite and pursue their remedies in one action. Several plaintiffs, by one complaint, cannot demand several matters of relief which are plainly distinct and unconnected; nor can they enforce joint and separate demands against the same defendant. But where one general right is claimed—where there is one common interest among all the plaintiffs, centering in the point in issue in the cause, the objection of improper parties cannot be maintained. 11 Barb. (S. C. R.) 516.—15 *id.* 375.—Van Santvoord's Pl. 130, *et seq.*—1 Barb. Ch. 59.

This exposition of the rules adopted by the code in regard to the joinder of parties, at once shows the ruling of the Circuit Court to be erroneous. The plaintiffs, though not united in interest with each other, claim one general right to be relieved from a nuisance which alike affects all of them. In our opinion there was no misjoinder of parties. It follows that the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. L. Spooner* and *A. Brower*, for the appellants.

*J. Ryman* and *W. S. Holman*, for the appellees.