## GOODNIGHT *v.* GOAR and Another.

MISJOINDER OF PARTIES.—*Plaintiffs.*—*Demurrer.*—Where two or more plaintiffs unite in bringing a joint action, the question whether they can properly join in the suit is raised by a demurrer for the want of sufficient facts.

SAME.—*Code.*—The code has re-enacted the rules which had prevailed in courts of equity as to who must join as plaintiffs, and may be joined as defendants; and as to those cases in which, in equity, plaintiffs might or might not have joined, at their option, it was intended that the subject should be governed by the rules of pleading in courts of equity—each case to be decided by the courts upon authority and analogy.

SAME.—Five persons subject to an impending draft for soldiers executed a written agreement to pay their proportional amount to hire substitutes to fill the places of such of them as might be drafted. Four were drafted, of whom one did not procure a substitute, avoiding military service and the necessity of procuring a substitute by failing to report himself for duty, and three hired substitutes and united as plaintiffs in an action against the others upon the agreement.

*Held,* that the plaintiffs could not formerly have joined in chancery, and that they could not properly join under the code.

APPEAL from the Tipton Circuit Court.

FRAZER, J.—The appellant and George W. Collier and Levin Cambridge sued the appellees, Eli J. and Benjamin F. Goar, upon the following contract:

"Jefferson Township, Tipton county, Indiana.

"We, the undersigned, citizens of said township, agree and bind ourselves in case either of us is drafted into the service of the United States, to pay our proportionable amount to hire substitutes to fill our places; and this we agree, not only for the present impending draft, but for all other calls that may be made during the present rebellion, unless a majority shall agree to abandon the above arrangement.

Given under our hands this 10th day of February, 1865.
      (Signed)           G. W. COLLIER.
                         ELI J. GOAR.
                         BENJAMIN F. GOAR.
                         WM. H. GOODNIGHT.
                         LEVIN CAMBRIDGE."

It was alleged in the complaint that all these parties were

enrolled in said township and liable to draft then impending; that the plaintiffs and the defendant Benjamin were drafted, and that the defendant Eli was not drafted; that each of the plaintiffs hired and paid a substitute for himself, Collier for fifteen hundred dollars, and Goodnight and Cambridge each for eleven hundred dollars; which several sums were reasonable and necessary; that the defendant Benjamin, by failing to report himself for duty, avoided military service and the necessity of procuring, and did not procure, a substitute for himself; and that neither of the defendants has paid to either of the plaintiffs anything towards defraying the cost of said substitutes, though the same has been demanded.

A demurrer to the complaint, assigning the want of sufficient facts, amongst other causes, was sustained; and this is the only error assigned.

The question argued is, whether the plaintiffs could properly join in the suit; and we have heretofore held, upon full consideration, that, under the code, that question is raised by a demurrer for want of sufficient facts. *Berkshire* v. *Shultz*, 25 Ind. 523. In that case we expressed the opinion, that the rule declared in *Mann* v. *Marsh*, 35 Barb. 68, that "when two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie," was correct and best comported with the spirit of the code.

The code itself is not exactly definite as to who may be joined as plaintiffs. It provides, however, that judgment may be given for or against one or more of several plaintiffs (sec. 368), which was the practice in equity, though it was otherwise at law. It also provides (sec. 17), that all persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except in certain cases mentioned in the nineteenth section. Indeed, the code seems to have re-enacted the rules which had prevailed in courts of equity, as to who must join as plaintiffs, and may be joined as defendants. But as

to those cases in which, in equity, plaintiffs might or might not have joined, at their option, the code does not expressly speak, for the reason, probably, that the general rule in equity in relation to parties plaintiff was not founded upon any uniform principle and could not be expounded by any universal theorem as a test. Story Eq. Pl. § 539. And it may have been thought safer, therefore, to leave each case to be decided by the courts upon authority and analogy. That it was intended that the rules of pleading in courts of equity should govern the subject is quite evident from those provisions of the code which prescribe the relief which may be granted, and to whom; in this respect conforming in all respects to the established practice of those courts—a mode of administration quite impracticable in a great many cases, unless the parties might be as in chancery.

The present inquiry is, then, in view of the considerations above stated, reduced to this: could these plaintiffs formerly have joined in chancery? In solving this question we may be aided by considering the nature of the contract upon which the suit is brought. The obligations which it imposes are strictly several, each party for himself alone becoming bound in a certain event to pay. The obligation thus assumed is, under the facts alleged, to each one of the plaintiffs separately, by each defendant, for one-fifth of such sum as that plaintiff was obliged to pay for a substitute for himself. This proportion, thus due to one, cannot be either increased or diminished by the fact that another plaintiff is also entitled to recover from the same defendant a like proportion of the sum paid by him for a substitute. Each plaintiff has an interest only in compelling the defendants severally to reimburse him, and cannot possibly be affected by the success or failure of any one of his co-plaintiffs in the suit. Each plaintiff seeks by the action to attain an object for himself exclusively—the recovery of so much money as the defendants respectively owe him. They have therefore no joint or common interest in the relief sought, which is the object of the suit. Nor have they any joint or

common interest in the subject or foundation of the action, which is the failure of the defendants respectively to pay according to contract. The failure to pay Goodnight does not concern any other plaintiff, and so, the failure to pay each of the plaintiffs is a matter of entire indifference to the others. If each two of the five persons to this agreement had mutually contracted by a separate writing to pay one-fifth of whatsoever sum might be necessary to procure a substitute for either, if drafted, there would have been twenty separate paper contracts, instead of one as now. It was a matter of convenience merely that one writing, executed by all, should have been adopted to evince their several undertakings; but it imposed exactly the same liabilities as if twenty writings such as we have mentioned had been used. In the latter case it would be too plain for doubt that each plaintiff must sue separately. Why should it be otherwise now? There is certainly no good reason. The statute has, it is true, provided, that persons severally and immediately liable upon the same instrument may, all or any of them, be sued in the same action, at the plaintiff's option. 2 G. & H. 50, sec. 20. This perhaps authorizes each of the present plaintiffs to join all the defendants in one suit. It is but the old equity rule as to defendants, in cases upon a joint and several contract, extended by the statute. Story Eq. Pl. § 159. It may, however, be worthy of consideration whether this statute was intended to apply to cases where by one instrument each maker becomes singly liable for a sum for which no other maker can in any event be held. But that question is not before us, nor is it now intended to express any opinion upon it.

In *Tate* v. *The O. & M. R. R. Co.*, 10 Ind. 174, it was said that "all who are united in interest must join (as plaintiffs) in the suit, unless they are so numerous as to render it impracticable, while those who have only a common interest in the controversy, may, one or more of them, institute an action. This, however, must not be understood as allowing, in all cases, two or more persons having separate causes of

action, though arising out of the same transaction, to unite and pursue their remedies in one action.    Several plaintiffs cannot by one complaint demand several matters of relief which are plainly distinct and unconnected.    But where one general right is claimed, where there is one common interest among all the plaintiffs, centering in the point in issue in the cause, the objection of improper parties cannot be maintained."    This statement of the general rules governing the subject, though quite comprehensive, is perhaps as specific as the state of the authorities will warrant.    The matter is, in considerable measure, a question for the exercise of judicial discretion under the circumstances of each particular case, with a view to practical convenience in the administration of justice.

In the case before us there is in the plaintiffs no community of interest in any matter involved in the suit; no right common to all is claimed; everything is separate, save only that the right asserted by each is founded in a contract which for convenience happens to be upon the same sheet of paper.    We have failed to find any warrant in the adjudged cases for a joinder of plaintiffs under such circumstances.    The only possible suggestion in its favor is that a multiplicity of suits would be avoided; but even that is more apparent than real, and would be accomplished only in name, and not in fact.    The number and variety of separate issues to be tried and of distinct judgments to be rendered would not be diminished in the least.

The judgment is affirmed, with costs.

*J. Green* and *J. W. Evans*, for appellant.

*D. Moss, N. R. Overman,* and *G. W. Lowley,* for appellees.