The opinion of the court was delivered by
Horton, C. J.:
A. W. Callen, John Gross, John K. Wright, Henry Mitchell, A. Clough, R. E. Lawrensen and Moses Waters, with others, were sureties upon the official bond of Robert O. Rizer, the county treasurer of Davis county. His term of office as treasurer expired October 12, 1880, and there was due from him'as such treasurer the sum of $12,837.47. Of this amount, Rizer paid $1,248.55, leaving a balance due of $11,588.92. Afterward the parties above named, with other sureties, were sued upon the official bond of the defaulting treasurer to recover the moneys so withheld by him, and the suit was dismissed by compromise *341 as to the said named parties, upon the payment by them of $3,500. On July 6, 1881, the sureties who had made this payment commenced their joint action against the plaintiff in error (defendant below), to recover $3,500, with interest thereon from the 5th day of March, 1881. Upon trial, judgment was rendered in their favor for $3,653.11; and the defendant below complains of this judgment, for several reasons.
I. It is contended in his behalf that as the testimony shows that each plaintiff furnished his proportion of the total payment, they have no interest in common, and therefore not being united in interest could not be joined as plaintiffs.
It appears from the record, that although Rizer was indebted in a sum exceeding $11,000, and an action had been brought against all of his sureties upon his official bond for the recovery of that amount, that a compromise was made by the plaintiffs below, whereby, for the consideration of $3,500, they were released and discharged from all further liability on the bond. While it is true that each of the sureties paid $500, or gave notes that were taken in satisfaction of $500, to make the $3,500, no one surety was released upon the payment of $500, but the whole of the $3,500 was jointly paid by said sureties for the defaulting treasurer; and the sureties were jointly interested in making the payment of $3,500, because the release was obtained, not upon the payment of $500 by each, but upon the joint payment of the $3,500. If the compromise with the commissioners had been that each surety upon his individual payment of $500 would be released and discharged from all liability, there would then be no joint or common interest between the plaintiffs; but as these sureties agreed jointly to settle with the county for $3,500 to obtain a discharge of all paying the $3,500, and thereafter performed their agreement by jointly paying said sum, they could join in a suit to recover the sum so jointly paid. In the case of Tate v. Rld. Co., 10 Ind. 174, to which we are referred by counsel of plaintiff in error, the plaintiffs were the owners of several lots, in front of which the railroad company erected for a road-bed in the street an embankment *342 ‘and trestlework, which excluded them from the street. The court there held that the plaintiffs, though not united in interest with each other, had the right to join in an action to compel the company to fill up the street on each side of the • railroad track so as to make it passable, or to remove the road. We do not think this case is of any force against the ruling of the district court. The other authorities cited by the same counsel are to the effect that where two or more persons have separate causes of action against the same defendant, though arising out of the same transaction, they are not-allowed to unite and pursue their remedies in one action. We fully agree as to the law thus declared, but do not think the cause at bar controlled by it; because, under the compromise, a certain payment was agreed to be made for the discharge of the sureties, and this payment was jointly made by them for the discharge of all making the payment. The parties to this action were united in interest in making the compromise — in raising the-$3,500, in paying the $3,500, and therefore had a right to be joined as plaintiffs. (1.Parsons on Contracts, 5th ed., ch. 20, p. 20; Appleton v. Bascom, 3 Metc. 169; Hopkins v. Lane, [N. Y. Ct. App., Jan'y, 1882,] 13 Rep. 343; May v. May, 1 C. & P. 44.) In the last case the action was brought by the plaintiffs, to recover the sum of £446 paid by them as bail for the defendants. To make up this sum of money, each of the plaintiffs advanced his share. It was therein contended by defendants that separate actions ought to-'have been brought by each of the plaintiffs, because the money paid was the money of each, and that there could not be a joint action unless it were paid from a joint fund. The court was of opinion that as the plaintiffs made the payment to the defendants in one sum, and as a joint payment, the action could be maintained in the form in which it was brought.
II. It is further urged that there was no legal evidence of indebtedness against Rizer which would make the plaintiffs liable on the bond. The objection is mainly based on the introduction in evidence of a book called a “ ledger,” kept by *343 the county clerk of Davis county; Sec. 51, ch. 25, p. 281, Oomp. -Laws 1879, requires the county clerk to. keep the accounts of his county with the county treasurer in a book of the character produced before the court. And after the witness had stated his official position as county clerk, and that he had kept the accounts between the treasurer and the county, and presented in court the book in which such accounts had been kept in accordance with the provisions of the statute, the book was competent evidence. The book tended to establish that, at the termination of the second term of the office of Rizer, there was a balance in his hands of moneys collected as treasurer which he had not paid over. This, followed up with his refusal to account for said moneys, was at least prima facie evidence of an indebtedness against Rizer at such date, and therefore that the sureties were liable on his bond. If the deficiency had occurred in the prior term of the treasurer, or upon any other bond, the burden of proof, after the introduction of this evidence, was upon Rizer to establish that fact.
III. Counsel argues that in making the payment the sureties were simply exercising their own judgment; that such payment was voluntary upon their part, and that the dismissal of the action upon the official bond was evidence that there was no valid cause of action thereon, and therefore that plaintiffs were not entitled in any event to recover the money so paid by them. We think in the first place, that it is clearly established upon the record that Rizer was indebted in a sum largely in excess of the $3;500 paid by the sureties. It further appears that he was present when the money was paid by the sureties. It does not appear that he made any objection to the payment, and under the circumstances, as the sureties did not pay the money until default had been made, and then made payment thereof in the presence of Rizer without objection from him, we must assume that such payment was made with his consent, and that he is liable therefor. The dismissal against these sureties seems to have resulted from the compromise between the county of Davis *344 and the sureties, and the payment thereon by the sureties of the said $3,500. At least, the record will bear this construction.
IY. The final objection is, that the evidence shows the payment of only $3,100 in cash — the balance, $400, being represented by a note. It seems that the note was accepted as-part payment of the $3,500. There is no intimation that the makers thereof are not fully solvent, and as such note was taken as part payment, it is sufficient to render Rizer liable to the sureties. Where the sureties pay a part of the debt of the principal by giving a promissory note therefor, they may maintain an action against the principal for money paid. (Doolittle v. Dwiqht, 2 Metc. 561; Chandler v. Brainard, 14 Pick. 285.)
The judgment of the district court will be affirmed.
All the Justices concurring.