Martin, Trustee, *et al. v.* Davis *et al.*

---

No. 8032.

MARTIN, TRUSTEE, ET AL. *v.* DAVIS ET AL.

WILL.—*Construction.—Trust and Trustee.—Assignment of Income.*—A will bequeathed a sum of money, "to be held in trust under the direction and supervision of the court having probate jurisdiction," for the use of A. and B. during their lives, in equal amounts, "the interest to be paid to them semi-annually" by the trustee, and in the event of their death the principal was to go to their heirs.

*Held,* that either beneficiary could make a valid assignment of the income bequeathed to him, before the time fixed for its payment, the will imposing no restriction in reference thereto.

PARTIES.—*Plaintiffs.—Practice.*—Parties can not join as plaintiffs whose interests are in conflict with each other. It is necessary that they should have a common interest in the relief, and that each should be interested in the relief sought by the other.

SAME.— *Demurrer.— Misjoinder of Parties.*—A misjoinder of plaintiffs is reached by a demurrer to the complaint for want of sufficient facts.

From the Henry Circuit Court.

*J. Brown, M. E. Forkner, J. R. Parmelee, L. L. Norton, D. Turpie, H. D. Pierce* and *A. Holladay,* for appellants.

*J. H. Mellett* and *E. H. Bundy,* for appellees.

Martin, Trustee, *et al. v.* Davis *et al.*

BLACK, C.—Among the provisions of the will of Eli Davis, deceased, was the following:

" First. I will and direct that forty thousand dollars be set apart and held by my administrator, or such trustee or trustees as may be appointed by the court having probate jurisdiction, to be held in trust under the direction and supervision of said court, for the use of my sons Harvey Davis and Clinton Davis, in equal amounts, during their natural lives, the interest thereon to be paid to them semi-annually, by said trustee or trustees, and after their deaths or the death of either one, the principal to go to their heirs, in equal amounts. In the event, however, that either one of my said sons should become unable to labor in support of themselves, and should be without other means of support, then so much of the principal of the above sum as may be necessary for their support, or the support of either one, to be paid to them by said trustee or trustees, under the direction of said court, it being my will and intention that my said sons and their heirs shall have an equal amount of the above sum· in the manner above set forth. But it is my express will and direction that neither of my said sons shall have any portion of the principal of the above sum except in case of absolute necessity for their support, as above stated."

Simon Martin, one of the appellants, having been appointed trustee, and having taken upon himself the duties of the trust, holds the sum of $20,000 for the use of Harvey Davis, under the above testamentary provision.

The question, whether a portion of the income of the fund so held could be assigned in anticipation by said Harvey, is raised by demurrer to the answer of the trustee, and by demurrers to the cross complaints of the other appellants, by which answer and cross complaints various assignments of said income by said Harvey were alleged. The will directs that the income of the fund be paid semi-annually by the trustee to the *cestui que trust* alone. No discretion is given to the trustee. The " direction and supervision " of the court are

prescribed by the testator for the purpose of securing the use to the beneficiary, and not extended to depriving him thereof, or regulating his disposition of the income. The control of the court over the income of the fund invoked by these words is such as the court which appointed the trustee would have without such words in the will.

No particular use of the income is enjoined. No condition is attached to the gift. There is no limitation over to another person during the life of Harvey. There is no prohibition of alienation to a particular person or until a certain time. No restraint whatever is placed upon the beneficiary concerning the use of the income.

We need not decide in this cause whether the owner of personal property, in a testamentary disposition thereof, may or may not give in trust its income, free from the debts of the beneficiary, or restrain him from the alienation thereof. This will gave the beneficiary an unrestricted interest in the income of the fund during his life, which, where there is no statutory prohibition, as in this case, he may alienate as a whole or in part. Perry Trusts, sec. 386; Story Eq. Jur., secs. 974, 1044, 1047; *Wood* v. *Wallace*, 24 Ind. 226; *Farmers' and Mechanics' Savings Bank* v. *Brewer*, 27 Conn. 600.

The New York decisions, which have been urged upon us as sustaining a contrary conclusion, proceed upon statutory construction. *Graff* v. *Bonnett*, 31 N. Y. 9; *Campbell* v. *Foster*, 35 N. Y. 361.

This interpretation of the will requires us to hold that the court erred in sustaining the demurrer of the appellees to the second paragraph of the answer of the appellant Simon Martin, and in sustaining the several demurrers to the cross complaints of the other appellants.

It is assigned as error by each of the appellants, that the complaint does not state facts sufficient to constitute a cause of action, and by some of the appellants that the court erred in overruling their demurrers, specifying the same ground of

objection to the complaint. The plaintiffs were the benefi-
ciary and his wife. It is alleged in the complaint that the
court in which this suit was brought, having assumed super-
vision of the trust, had made an order, upon the motion of
the appellees, that the trustee should accept no orders from
the *cestui que trust,* but should pay out of the income a cer-
tain monthly allowance to his wife, and should pay the re-
mainder of the income to the *cestui que trust* in person. It
is not alleged that any of the appellants were parties, or had
any notice of this motion. It is alleged that no money had
been paid by the trustee in pursuance of this order, and that
a certain amount of income had accumulated, and remained
in his hands. The complaint asked that the trustee be re-
quired to pay a certain portion of this accumulation to the
wife, and the remainder to the *cestui que trust.*

The trustee was made a defendant, with others, as to whom
it was alleged that they claimed an interest in the accrued and
accruing income, but, in fact, had no interest.

To entitle two or more persons to join as plaintiffs, it is
not sufficient that they each have a cause of action, arising
out of the same transaction or matter, if the relief sought by
each be distinct and unconnected. The plaintiffs must have
a common interest in the subject of the action, and in the re-
lief. Each must be interested in the relief sought by the
other. *Tate* v. *Ohio, etc., R. R. Co.,* 10 Ind. 174; *Goodnight*
v. *Goar,* 30 Ind. 418; *Lipperd* v. *Edwards,* 39 Ind. 165;
Bliss Code Pl., section 76; Moak's Van Santvoord's Pl. 68.

The interest of each of the appellees was adverse to that
of the other, and the complaint was therefore insufficient.

The judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing
opinion, that the judgment be and it is hereby reversed, with
costs, and the cause remanded.