MOSES KAUFMAN AND G. W. EISER, PLAINTIFFS IN ERROR, V. LEWIS WESSEL ET AL., DEFENDANTS IN ERROR.

1. **Replevin:** ACTION ON UNDERTAKING. The penalty in an undertaking in replevin fixes the limit to which a recovery can be had for the value of the property taken in an action on the undertaking.

2. ———: ———. Where executions in favor of five different creditors were at the same time placed in the hands of a sheriff, and levied upon the same goods which were claimed by a third party, and taken by replevin upon his giving an undertaking, judgment in replevin being rendered in favor of the sheriff, he assigned the undertaking to the execution creditors, who brought a joint action thereon. *Held*, That the action could be maintained.

13

ERROR to the district court for Otoe county.   Tried be-
low before POUND, J.

*S. H. Calhoun* and *Watson & Wodehouse*, for plaintiffs
in error, cited: *Hicklin v. Nebraska City National Bank*,
8 Neb., 463.

*Covell & Ransom*, for defendants in error, cited: *Cy-
man v. Robinson*, 14 Reporter, 270.   1 Parson Contracts,
13, 14.

MAXWELL, J.

This is an action upon an undertaking in replevin. The
defendants in error each recovered a judgment in the
county court of Otoe county, against one Jacob Blum,
and an execution was issued on each judgment and placed
in the hands of the sheriff at 1:30 P.M., on the 12th day of
Sept., 1879, and certain goods were levied upon under said
execution as the property of said Blum, all the levies be-
ing upon the same goods.   This property was claimed by
George W. Boulware, who instituted an action of replevin
and recovered possession of the same, and gave to the sher-
iff an undertaking in the sum of $536, signed by Boulware
as principal, and George W. Eiser and Moses Kaufman as
sureties.   On the trial of the action of replevin judgment
was rendered in favor of the defendant and for a return of
the property, or in case a return thereof could not be had,
for the value thereof.

The property was not returned nor was the judgment
paid, and an execution issued on the judgment was return-
ed unsatisfied.   The sheriff then assigned the undertaking
to the judgment creditors, who brought a joint action,
thereon and on the trial recovered a judgment for the sum
of $569.27.

The first objection to the judgment is that it is for a sum
in excess of the penalty in the undertaking.

The penalty in an undertaking fixes a limit beyond which the parties are not liable in an action upon the instrument, and a judgment in excess of the penalty cannot be sustained. But where it is clear that there are no other errors in the record, the court will permit the judgment creditors to remit the excess. And the defendants have leave to enter such remittitur in this case.

*Second.* It is objected that the defendants in error could not join in the action, and we are referred to the case of *Hicklin v. Neb. City National Bank,* 8 Neb., 463, in support of that position.

An examination of that case will show that the construction contended for cannot be sustained, as in that case the undertaking had not been assigned to the party bringing the action, nor did it appear that he was the judgment creditor. In the case at bar there is no doubt that the sheriff being the obligee named in the undertaking could maintain an action thereon for the benefit of the creditors. The court found the value of the interest to be the sum of $569.27, the defendants in error therefore have an interest in the undertaking to the full extent of the penalty of the same.

In the case of *Rutledge v. Corbin,* 10 Ohio State, 478, where an action was brought upon an attachment undertaking by the payee and subsequent attaching creditors, some of whom had attached only a part of the property while constructively in the hands of the sheriff, it was held that all parties having an interest as attaching creditors in the proceeds of the goods attached might be joined as plaintiffs in an action on the undertaking, although not named as payees therein. The reason assigned is, that all the attaching creditors had an interest in the attached property, and they were permitted to join for the purpose of protecting this interest. See also *Tate v. O. &. M. R. R. Co.,* 10 Ind., 174. *Goodnight v. Goar,* 30 Ind., 418. Bliss on Code Pl., § 75.

We have no doubt that the creditors could join in the action, the judgment being a common fund out of which the executions are to be paid *pro rata*. It is claimed that Boulware was garnished in a certain action, and that judgment was rendered against him in that case. Without reviewing the garnishment proceedings at length, we think the court below was justified in disregarding them.

Upon condition that the remittitur heretofore mentioned is entered, the judgment of the court below is affirmed.

JUDGMENT ACCORDINGLY.