Filed March 8, 1884.

No. 10,822.

DARKIES ET AL. *v.* BELLOWS.

PARTIES.—*Joint Plaintiffs.*—*Demurrer.*—A complaint by several jointly, which fails to show a joint cause of action in all, is bad on demurrer for the want of sufficient facts.

QUIETING TITLE.—*Complaint.*—*Sheriff's Sale.*—*Life-Estate.*—A complaint to quiet title against a claim of title by the defendant founded upon a

sheriff's sale, which alleges merely that the interest of a tenant for life was sold by the sheriff, without averring that the plaintiff's remainder in fee was *not* also sold, is bad on demurrer.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellants.

*J. G. Howard, J. F. Read* and —— *Stannard,* for appellee.

FRANKLIN, C.—Mahala Darkies, Andrew J. Darkies, Alice S. Long and Isaac Long (her husband), commenced this action against the defendant, Thomas Bellows, to quiet their title to a certain eighty-acre tract of land. There was a demurrer sustained to the complaint. The only error assigned is upon that ruling. The complaint substantially alleges that appellants Andrew J. Darkies and Alice S. Long are the owners in fee simple subject to a life-estate in Mahala Darkies, which life-estate she owns in the land (which is described in the complaint), but they are not in the possession thereof, the same being in the possession of the appellee. "That they hold and claim title thereto in the following manner: On October 21st, 1864, the said defendant, Thomas S. Bellows, and his wife, in consideration of the sum of $550, of which $500 was paid to said Bellows on said day in cash, conveyed the said tract of land to one Elisha W. Darkies and the plaintiff Mahala Darkies, his wife, during their joint lives, and upon the death of the said Elisha W. Darkies and Mahala Darkies, then the said plaintiffs Andrew J. Darkies and Alice S. Long were to have and to hold the said premises as tenants in common, to themselves, their heirs and assigns forever. For the payment of the residue of said purchase-money, viz., $50, the said Elisha W. Darkies executed his note, bearing date October 21st, 1864, payable twelve months after date, and to secure the same a lien was retained by the said Bellows on the interest of the said Elisha W. Darkies in the said premises; afterwards, on the 12th day of October, 1871, by the consideration of the Clark Circuit Court of In-

diana, in a suit wherein the said Thomas S. Bellows was the plaintiff, and these plaintiffs and the said Elisha W. Darkies were defendants, the said Bellows recovered of the said Elisha W. Darkies the sum of $44.75, and the said real estate was ordered to be sold to pay the said sum; and afterwards, on the 6th day of January, 1872, the said defendant, Bellows, purchased the said interest of the said Elisha W. Darkies from the sheriff of Clark county at a sale upon execution on the said judgment; afterwards, on the 1st day of January, 1880, the said Elisha W. Darkies died intestate at said county. And the said plaintiff Mahala Darkies has conveyed all her interest in the said premises above described to her co-plaintiffs before the commencement of this suit. And the said defendant, by reason of his said pretended title under said sheriff's deed, claims to own the said real estate, and the said claim is a cloud upon the title of these plaintiffs which ought to be removed. Wherefore," etc.

The sufficiency of this complaint is called in question, first, for the reason that it does not show any cause of action in one of the plaintiffs Mahala Darkies. This reason is well stated. While the complaint starts out by alleging that this plaintiff owned a life-estate in the premises, in stating upon what they base their claim, they allege that before the commencement of this suit she had conveyed all her interest in the premises to her co-plaintiffs. If so, how can she have any right to bring the suit? The complaint, instead of showing a cause of action in her, shows that she had no cause of action. The demurrer was for the reason that the complaint did not state facts sufficient to constitute a cause of action. Where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action. *Berkshire* v. *Shultz,* 25 Ind. 523; *Goodnight* v. *Goar,* 30 Ind. 418; *Lipperd* v. *Edwards,* 39 Ind. 165; *Maple* v. *Beach,* 43 Ind. 51; *Parker* v. *Small,* 58 Ind. 349; *Harris* v. *Harris,* 61

Ind. 117; *Stephenson* v. *Martin,* 84 Ind. 160; *Martin* v. *Davis,* 82 Ind. 38.

It is further insisted that, as the complaint avers that the land was ordered to be sold for the payment of the debt, in order to be good it ought to show that the plaintiff's interest was not sold by the sheriff; that it was only Elisha's interest that was sold. The simple allegation that Elisha's interest was sold is not inconsistent with the fact that the plaintiff's interest might also have been sold in pursuance of the order of the court.

We think that the complaint, for the reasons above stated, was insufficient, and that there was no error in sustaining the demurrer to it. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

