McIntosh *et al. v.* Zaring *et al.*

---

McINTOSH ET AL. *v.* ZARING ET AL.

[No. 16,787.    Filed January 27, 1898.    Motion to retax costs sustained April 20, 1898.]

CONTRACTS.—*Joint and Several.*—A written contract by the terms of which three firms of attorneys are to undertake the legal work con-

| 150 | 301 |
|-----|-----|
| 152 | 575 |
| 150 | 301 |
| 155 | 162 |
| 155 | 522 |
| 155 | 523 |
| 150 | 301 |
| 159 | 78 |
| 150 | 301 |
| 160 | 213 |
| 150 | 301 |
| 161 | 377 |
| 150 | 301 |
| 163 | 200 |

# 302    SUPREME COURT OF INDIANA,

nected· with the contest of a will, and to receive a stipulated sum, one-third of which is to be paid to each firm, is, in effect, three several contracts.  *pp. 303-305.*

PLEADING.—*Joinder of Plaintiffs in Action to Avoid Settlement.*— Three firms of attorneys had contracts with the same client by the terms of which several contracts the client was to pay a certain per cent. of the amount recovered.  The cause was compromised, and by fraud the attorneys induced to accept a smaller sum in full settlement and discharge of the contract than was due them.  *Held,* that the several firms might join in an action to avoid the settlement.  *pp. 305-307.*

SAME.—*Action to Set Aside Settlement for Fraud.—Complaint.*—In an action to avoid a settlement because of alleged fraud, where the facts are stated entitling the plaintiff to such relief, and there is a general prayer for judgment and other proper relief, it is not necessary that the complaint contain a specific prayer that the settlement be set aside on the ground of fraud.  *p. 307.*

SAME.—*Complaint.—Allegation of Partnership.*—A partnership is not alleged in a complaint by merely setting out a contract which had been signed by two of the plaintiffs in their firm name.  *p. 308.*

JOINT CONTRACT.—*Action by Survivor.*—A contract by the terms of which it is agreed to pay a certain sum of money to two persons, is a joint contract as between such payees, and upon the death of one the right of action vests exclusively in the other.  *p. 309.*

PLEADING.—*Defective Complaint.— Answer.— Practice.*—Where the grounds for demurrer do not appear on the face of the complaint, and defendant files answer, as provided by section 346, Burns' R. S. 1894, and issue is joined, and the proof establishes the truth of the answer, the complaint will be defeated in the same manner as if the facts of the answer appeared in the complaint, and a demurrer had been sustained to it.  *p. 311.*

PRACTICE.—*Carrying Demurrer to Answer Back to Complaint.*—The right to carry a demurrer back to, and sustain it to, the complaint, depends entirely on whether the facts stated in the answer as, an objection to the complaint, and admitted by the plaintiff's demurrer to said answer, can be considered as a part of the facts on which the complaint rests.  *p. 312.*

PARTNERSHIP.—*Right of Survivor Upon Death of Partner.*—The right of action to collect the debts and assets due to a partnership where any of the partners are dead is vested by law exclusively in the surviving partner or partners.  *p. 312.*

PLEADING.—*Complaint Not Stating Cause of Action as to All Plaintiffs.*—A complaint which does not state a good cause of action as to all, though it does as to some of the plaintiffs, is bad as to all, for want of facts sufficient to constitute a cause of action. ₍*p. 313.*

McIntosh *et al. v.* Zaring *et al.*

JUDGMENT.—*Against Part of Plaintiffs or Defendants.*—*Statute Construed.*—Section 577, Burns' R. S. 1894, providing that "judgments may be given for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side," is not applicable to a question of pleading, but relates to a question of evidence and the manner of the rendition of judgment in such cases. *p. 314.*

APPEAL.—*Evidence When Not in Record.*—The evidence is not in the record where there is no showing that the longhand manuscript of the evidence was ever filed in the clerk's office. *p. 316.*

NEW TRIAL.—*When Judgment Rendered on Last Day of Term.*—Where judgment is rendered on the last day of the term of court, and a motion for a new trial is not made till the first day of the next regular term, a special term of the court having been held in the meantime, the motion for a new trial is too late. *pp. 316, 317.*

From the Jackson Circuit Court.    *Reversed.*

*Alspaugh & Lawler, Applewhite & Applewhite, W. K. Marshall* and *F. Winter,* for appellants.

*Mitchell & Mitchell, Burrell & Branaman, W. P. Fishback* and *W. P. Kappes,* for appellees.

McCABE, J.—The appellees sued the appellants in the Washington Circuit Court to recover attorneys' fees upon a written contract. There was an answer filed leading to issues of law and fact. The venue was changed to the Jackson Circuit Court. A trial of the issues of fact in that court resulted in a verdict and judgment in favor of the plaintiffs in the sum of $7,500.00 over appellants' motion for a new trial. Among the numerous errors assigned, are that the trial court erred in overruling a demurrer to the amended complaint for want of sufficient facts, that said complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the defendants' motion for a new trial. The contract sued on is as follows: "Ellen McIntosh and Andrew J. McIntosh her husband, have this day employed as counsel to contest the will of W. C. De-Pauw, deceased, and to conduct all legal proceedings

for that purpose Friedly & Giles, of Bedford, Indiana, Zaring and Hottel, of Salem, Indiana, and C. L. & H. E. Jewett, of New Albany, Indiana. Suit to contest said will is to be filed immediately and prosecuted with all reasonable dispatch; and for all their services, of every kind performed in relation to said suit, said attorneys are to receive the following compensation, and no other, viz: For their services in the event that the will of W. C. DePauw is set aside and Ellen McIntosh declared entitled to share in his estate, a fee equal to twenty-five and a half (25½ per cent.) per cent. of the value of the estate which she shall thus be entitled to and does receive, and in the event of a compromise or adjustment before a trial is begun, whereby said will is allowed to stand, a sum equal to twelve and one-half per cent. (12½ per cent.) of the amount so received or stipulated to be received by her. They agree to pay said fee as follows: One-third to Friedly & Giles, one-third to Zaring and Hottel, and one-third to C. L. & H. E. Jewett. Ellen McIntosh. A. J. McIntosh. Friedly & Giles. C. L. & H. E. Jewett. Zaring & Hottel." The complaint alleged the performance of the contract on the appellees' part, and that the suit was compromised before trial by which appellant Sarah E. McIntosh received from the estate of said W. C. DePauw $250,000.00, and that she fraudulently concealed the knowledge of the amount so received, and falsely represented to them that she had only received $50,000.00 from said estate by said compromise; that relying on such representations the appellees had settled with and accepted from her 12½ per cent. of $50,000.00; that 12½ per cent. on the excess received by her was still due them and remained unpaid, demanding judgment for $30,000.00 and other proper relief. It is also alleged that Charles L. and Harry E. Jewett refused to join as

McIntosh *et al. v.* Zaring *et al.*

plaintiffs, and for that reason they were made defendants. They filed an answer disclaiming all interest in the suit. It is also alleged in the complaint that the appellees John A. Zaring and Milton B. Hottel were attorneys at law engaged in the practice of their profession under the firm name and style of Zaring & Hottel at the town of Salem, Washington county, Indiana, and that appellee Joseph Giles and the said George W. Friedly were at said date engaged in the practice of law in the city of Bedford, Lawrence county, Indiana. That after the performance of said services under said contract said George W. Friedly had died and the plaintiff Edith M. Friedly had been appointed administratrix *de bonis non* of the estate of said deceased. We hold that the contract sued on did not create a joint right of action in all the plaintiffs and hence the legal effect of the written contract was the same as if there had been three several and separate written contracts in favor of each of the three several firms or groups of attorneys and hence we hold that the contract itself did not create a joint right of action in said attorneys and cite the following cases supporting that conclusion. *Goodnight* v. *Goar*, 30 Ind. 418; *Tate* v. *Ohio, etc., R. R. Co.*, 10 Ind. 174; *Lipperd* v. *Edwards*, 39 Ind. 165; *Martin* v. *Davis*, 82 Ind. 41; *Harris* v. *Harris*, 61 Ind. 117; *Elliott* v. *Pontius*, 136 Ind. 641.

But there is an element in the complaint beyond the scope of the mere written contract that exerts an influence upon the right of the several obligees or payees therein to maintain a joint action thereon. That element is the allegation of fraud and misrepresentations of the defendants as to the amount Mrs. McIntosh had received from the estate of her father on the compromise, thereby inducing the said attorneys to

accept a much smaller sum in full satisfaction of'the contract than they were entitled to under its terms according to the facts as they really existed. These allegations were material in order to enable the plaintiffs to avoid the settlement; because without avoiding that settlement none of them could recover on the contract. While neither one of the firms of attorneys in the contract mentioned were interested in either of the other firms recovering thereon, so as to enable them to join in a suit thereon, yet they were all interested in the other element which was essential to be established, without which neither of them could recover, namely, the fraud by which they had been induced to accept a smaller sum in full settlement and discharge of the contract than was really due them. In other words, they were all alike interested in avoiding the settlement. Our code provides: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except as otherwise provided in this act." Section 263, Burns' R. S. 1894 (262, R. S. 1881). Another section of the code provides that: "When the action arises out of contract, the plaintiff may join such other matters in his complaint as may be necessary for a complete remedy and a speedy satisfaction of his judgment, although such other matters fall within some other one or more of the foregoing classes." Section 281, Burns' R. S. 1894 (280, R. S. 1881). These sections of the code have the effect even to broaden the rule in equity in such cases. That rule was that several separate creditors might unite in an action where a part of the relief prayed was common to all. But the rule required them to first reduce their respective claims to judgments at law. However there were some exceptions to that rule. Where the debtor was dead or had absconded from the State

they could join in such action without obtaining judgments at law. *Kipper* v. *Glancey*, 2 Blackf. 356; *Ruffing* v. *Tilton*, 12 Ind. 259. The sections quoted have been construed as authorizing such creditors to join as plaintiffs, though their claims be separate and distinct, and even though the debtor is alive and has not absconded, if plaintiffs have a common interest in any of the relief sought, whether their claims have been reduced to judgments or not, and if they have not they may recover separate judgments on such claims, in connection with the relief sought common to all, such as suits by creditors to set aside fraudulent conveyances, and subject their debtor's property to the payment of their debts and the like. And, accordingly, persons who have any interest in the relief demanded are properly joined as plaintiffs. *Durham* v. *Hall*, 67 Ind. 123; *Strong* v. *Taylor School Tp.*, 79 Ind. 208; *Field* v. *Holzman*, 93 Ind. 205; *Elliott* v. *Pontius*, 136 Ind. 641; *Armstrong* v. *Dunn*, 143 Ind. 433; *Carmien* v. *Cornell*, 148 Ind. 83; Pomeroy's Rem., sections 266, 267, 268; 1 Dan. Ch. Prac. 235. We therefore hold that the relief sought against the alleged fraud was such as was common to all the plaintiffs and was essential to the right of any of them to recover on the contract, and hence such allegations gave them a right to join as plaintiffs, and in that respect the complaint was not bad for want of sufficient facts. It is true there was no specific prayer asking that the settlement be set aside on account of the alleged fraud, but the facts were stated entitling plaintiffs to such relief and there was a general prayer for judgment and other proper relief, and that is sufficient under the code to entitle the plaintiff to all relief that the facts stated will warrant. We find that it does not allege that Friedly and Giles were partners at the time, but it does allege that Zaring and Hottel were partners,

engaged in the practice of law. It is contended how-
ever that enough appears in the complaint and the
written contract sued on to disclose that Friedly and
Giles executed the contract as partners. And in sup-
port of this contention we are cited to *Cook* v. *Fred-
erick*, 77 Ind. 406; *Henshaw* v. *Root*, 60 Ind. 220; *West-
ern Union Tel. Co.* v. *Huff*, 102 Ind. 535; *Crowell* v.
*Western Reserve Bank*, 3 Ohio St. 406, and other au-
thorities. We have examined them and find they do
not sustain the appellants' contention as to the point
in question. The manner in which the contract was
signed by Friedly and Giles would be competent evi-
dence as tending to prove the existence of a partner-
ship between them, and that is as far as the authori-
ties cited by appellants go. Competent evidence tend-
ing to prove a material fact, is not the fact, or the
equivalent thereof. The fact must be alleged affirm-
atively before the demurrer admits it to be true. A
demurrer admits as true only such allegations as are
properly and sufficiently pleaded. *Peyton* v. *Kruger*,
77 Ind. 486; *Johnston* v. *Griest*, 85 Ind. 503; *Platter* v.
*City of Seymour*, 86 Ind. 323; *State, ex rel.*, v. *Foulkes*,
94 Ind. 493. It must therefore be held that the com-
plaint does not allege or disclose the existence of a
partnership between Friedly and Giles thereby show-
ing a want of sufficient facts to constitute a cause of
action as to one of the plaintiffs, namely, Edith M.
Friedly, administratrix of George W. Friedly, de-
ceased. It is contended by the appellants that there
is another element in the complaint having the same
effect as if the existence of said partnership between
Friedly and Giles had been alleged in the complaint.
And that is that while the contract sued on is sepa-
rate and distinct as to, and between the three firms
or groups of attorneys, as if it had been written on
three separate papers, and each separately signed by

the several firms, that it is joint as between the members of each firm or group of attorneys. And this contention we think must prevail. The amount stipulated to be paid to Friedly and Giles was in *solido.* It was not stipulated what amount of the share to be paid to them should be paid to either Friedly or Giles. And the same is true as between the other two firms or groups of attorneys mentioned in the contract. An eminent author on contracts says: "Where the payment in the first place is of one sum *in solido* and afterwards to be divided among the payees there, generally, the interest of the payees is joint; but where the first payment is in several sums among the several payees, there, generally, their interest is several." Pars. Cont. (5th ed.) 19. The interest therefore of Friedly and Giles, even in the absence of a partnership between them is, as between themselves, joint in the share to be paid to them under this contract. On such a contract the law vests the right of action exclusively in the survivors where one or more of the joint obligees have died. 1 Pars. Cont. (5th ed.) 31. As was said by this court in *Indiana, etc., R. W. Co.* v. *Adamson,* 114 Ind., at p. 285: "The question with which we have to deal is important, and not entirely free from difficulty, but, after the most careful study we have been able to give the subject, we feel bound to hold that the code does not change the common law rule. The question goes back of the procedure and takes up the element of the right itself. The right, the statute does not profess to change; it reaches only the remedy. In the case of a joint contract the whole right—the unified interest—vests in the survivors. Upon them falls the entire right. If they do possess the entire right, then they are the real parties in interest, since it is inconceivable that if they do possess the entire right any other person can be a real

party in interest.    The principle of the common law
vesting the whole right in the survivors is not changed
by the code, and so long as the principle remains un-
changed the persons possessing this entire right must
be regarded as the real parties in interest.    It re-
quires legislation to abrogate a rule of law, and the
courts cannot assume the functions of the legislature.

"Mr. Pomeroy, who has as strongly as any one urged
a liberal construction of the code and an extension
of its provisions, affirms that the common law prin-
ciple has not been abrogated.    In discussing the ques-
tion he said: 'In actions *ex contractu,* all the persons
having a joint interest must be made plaintiffs, and,
when one of them dies, the action must be brought or
must proceed in the names of the survivors; the per-
sonal representatives of the deceased obligee or prom-
isee cannot be joined as co-plaintiffs; and in the same
manner, in actions *ex delicto* for injuries to personal
property, all the joint owners must unite, and if one
of them dies, the action is to be prosecuted by the sur-
vivors alone.    These common law rules remain in full
force.'"    It follows that the complaint shows upon
its face that it did not state facts sufficient to consti-
tute a cause of action in favor of one of the plaintiffs,
namely, Edith M. Friedly, administratrix of. George
W. Friedly, deceased, the same as if the complaint
had alleged the existence of a partnership between
Friedly and Giles.    But the existence of such a part-
nership was directly alleged by the second paragraph
of the answer to which the court sustained a demurrer
for want of sufficient facts.    It averred that at the
time the contract sued on was executed, and the time
the services were performed thereunder by Friedly
and Giles they were partners in the practice of law.
It concludes with the statement:  "That Edith M.
Friedly, admx., etc., is therefore not a proper party

McIntosh *et al. v.* Zaring *et al.*

to this suit and is improperly joined as plaintiff herein, wherefore said defendants pray judgment." The code provides that: "Where any of the matter enumerated in section eighty-five [section 309] do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer." Section 346, Burns' R. S. 1894 (343, R. S. 1881). The matters enumerated in said section are the grounds for demurring to a complaint, among which is that the complaint does not state facts sufficient to constitute a cause of action. The answer in question being filed for the purpose of taking an objection to the complaint which did not appear on its face, the facts stated in such answer must be considered along with those stated in the complaint in determining such objection. Otherwise this objection to the complaint can never be raised at all, because the concluding part of the section of the code quoted provides that: "If no such objection is taken either by demurrer or answer the defendant shall be deemed to have waived the same except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." And that objection so far as the fact of said partnership is concerned cannot be presented except by answer. It would therefore seem that in presenting it by answer, if issue is taken on that answer and the proof establishes the truth of the answer, it defeats the complaint in the same manner as if the facts of the answer appeared in the complaint and a demurrer had been sustained to it. But by the action of the court in sustaining the demurrer to such answer the facts in it are admitted of record in connection with the complaint. Hence, it would seem that the court ought to have carried the demurrer to the answer

back to the complaint, if such answer stated facts enough to show that the administratrix of the deceased partner had no right of action on the contract sued on as we shall presently see. *Heiser* v. *Kelly*, 73 Ind. 582; *Dorrell* v. *Hannah*, 80 Ind. 497. But the right to carry the demurrer back to and sustain it to the complaint depends entirely on whether the facts stated in the answer as an objection to the complaint, and admitted by the plaintiff's demurrer to said answer, can be considered as a part of the facts on which the complaint rests. Be that as it may, if the answer stated a valid objection to the complaint the court erred in sustaining the demurrer to it. It is thoroughly settled law that the right of action to collect the debts and assets due to a partnership where any of the partners are dead is vested by law exclusively in the surviving partner or partners. *Needham* v. *Wright*, 140 Ind. 190; *Valentine* v. *Wisor*, 123 Ind. 47; *Anderson* v. *Ackerman*, 88 Ind. 481; *Nicklaus* v. *Dahn*, 63 Ind. 87; *Willson* v. *Nickolson*, 61 Ind. 241; *Cobble* v. *Tomlinson*, 50 Ind. 550; Parsons Partnership (4th ed.), sections 32, 286, 342; *Roys* v. *Vilas*, 18 Wis. 179; 2 Bates Partnership, section 1147. As was said in *Anderson* v. *Ackerman, supra:* "Where a partnership is dissolved by the death of a member of the firm, the law invests the surviving partner with the exclusive right of possession and management of the entire assets and property of the partnership, for the purpose of settling and closing up the firm's business. The administrator of the deceased partner has no claim upon the specific property or assets of the firm, as such."

And as was said in *Willson* v. *Nickolson, supra:* "It has long been a well settled rule of law, that a surviving partner is entitled to the exclusive possession and control of the assets of his firm, including choses in action, for the purpose of settling and closing up the

business of the partnership, and we see nothing in the act requiring him to file an inventory and an appraisement of such assets, which changes the rule. 1 R. S. 1876, p. 641," citing *Morrison* v. *Kramer*, 58 Ind. 38, holding that the failure to inventory did not affect exclusive right of the surviving partner to sue for and collect the debts of the firm. To the same effect are *Hadley* v. *Milligan*, 100 Ind. 49; *State* v. *Matthews*, 129 Ind. 281; *First National Bank* v. *Parsons*, 128 Ind. 147; *Havens, etc., Co.* v. *Harris*, 140 Ind. 387. It follows from what we have said that there was no right of action on the contract in appellee Edith M. Friedly, administratrix of the deceased member of the firm of Friedly and Giles, both because it appears on the face of the complaint that the contract sued on created a joint interest in Friedly and Giles, the right to enforce which was vested by law exclusively in the surviving joint contractor Giles, and because of the facts alleged in the second paragraph of the answer that they were partners in the contract, in which case, as we have seen, the law vests the exclusive right to collect the assets of the firm in the surviving partner. The question then remains, what is the effect on the complaint when it appears from its face that no cause of action is stated in favor of one of the plaintiffs, and what effect on the right of the other parties to maintain the action where other facts are stated in an answer to which a demurrer has been sustained showing that one of the plaintiffs has no right of action.

It is firmly settled in this State that a complaint which does not state a good cause of action as to all, though it does as to some of the plaintiffs, is bad as to all, for want of sufficient facts to constitute a cause of action. *Berkshire* v. *Shultz*, 25 Ind. 523; *Davenport* v. *McCole*, 28 Ind. 495; *Debolt* v. *Carter*, 31 Ind. 355; *Fatman* v. *Leet*, 41 Ind. 133; *Maple* v. *Beach*, 43 Ind.

51; *Sim* v. *Hurst*, 44 Ind. 579-586; *Griffin* v. *Kemp*, 46 Ind. 172-177; *Neal* v. *State*, 49 Ind. 51; *Yater* v. *State*, 58 Ind. 299-301; *Parker* v. *Small*, 58 Ind. 349-352; *Harris* v. *Harris, supra; Nave* v. *Hadley*, 74 Ind. 155; *Schee* v. *Wiseman*, 79 Ind. 389; *Martin* v. *Davis, supra; Headrick* v. *Brattain*, 83 Ind. 188; *Hyatt* v. *Cochran*, 85 Ind. 231; *Thomas* v. *Irwin*, 90 Ind. 557; *Darkies* v. *Bellows*, 94 Ind. 64; *Dill* v. *Voss*, 94 Ind. 590; *Holzman* v. *Hibben*, 100 Ind. 338-340; *Brumfield* v. *Drook*, 101 Ind. 190; *Brown* v. *Critchell*, 110 Ind. 31; *Peters* v. *Guthrie*, 119 Ind. 44; *Traders Ins. Co.* v. *Newman*, 120 Ind. 554; *Sedwick* v. *Ritter*, 128 Ind. 209; *Brunson* v. *Henry*, 140 Ind. 455. To obviate the inevitable conclusion to which these authorities lead, appellees' learned counsel invoke the aid of another section of the code reading thus: "Judgments may be given for or against one or more of the several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves." Section 577, Burns' R. S. 1894 (568, R. S. 1881). They therefore insist, in effect, that, under this provision of the code, a judgment may be rendered in favor of each of the plaintiffs as have a cause of action stated in their favor in the complaint, and judgment may be rendered against the others in favor of whom no cause of action is stated in the complaint. If that is the true force and effect of that section of the code then all that long line of decisions of this court last cited is wrong, and every one of them ought to be overruled. But the section is wholly inapplicable to a question of pleading, and that is the question we have been dealing with. The section referred to relates to a question of evidence, and the manner of the

rendition of judgment in such cases. The section authorizes the rendition of judgment in favor of some of the plaintiffs and against others of them, when the evidence requires or justifies it. That could not be done at common law. But the section assumes that the complaint is good, stating facts sufficient to constitute a cause of action in favor of all the plaintiffs. Accordingly it was said in speaking of this section by this court in *Nicodemus* v. *Simons*, 121 Ind., at p. 567: "If, therefore, two or more persons bring a joint action, alleging a joint cause of action, and it turns out upon the trial that upon the facts alleged in the complaint some, but not all, of the plaintiffs are entitled to recover, the court or jury, as the case may be, will so find, and judgment will be rendered accordingly. * * * But, as we have already held, the complaint is good, and the question before us is one of evidence, and not of pleading; upon the evidence before them, the jury found for the female appellee and the court rendered judgment in her favor. This, we think, was proper, and is in accordance with the provisions of said section 568, R. S. 1881." It is very clear that the section quoted is in no way inconsistent with the long line of cases cited holding that a complaint by plaintiffs will be bad for want of sufficient facts if it does not state a cause of action in favor of all the plaintiffs. It follows from the principle decided in that line of cases that the complaint before us failing to show that Edith M. Friedly, admx., etc., had any right of action on the contract, and showing affirmatively that the interest of her intestate and the appellee Giles in said contract was joint, and vested in the surviving joint contractor the sole right of action thereon; and therefore the complaint failing to state a cause of action in favor of Edith M. Friedly it did not state facts sufficient to constitute a cause

of action as to any of the other plaintiffs.    It also
follows from what we have said that the court below
erred in sustaining the demurrer to the second para-
graph of the answer.    A very strong showing is made
in argument that there were many reversible errors
involved in the motion for a new trial, in the giving
and refusal of instructions, rulings on motions to sup-
press portions of depositions, the admission and re-
jection of evidence, and many other things.    But the
record is in such a conditon that we cannot pass upon
any of the questions involved in the motion for a new
trial.    In the first place the evidence is not in the rec-
ord, because there is no showing that the longhand
manuscript was ever filed in the clerk's office of the
court from which the appeal came, before its incor-
poration in the bill of exceptions.    The instructions
are in the record, but, unfortunately, we think the
motion for a new trial was made too late to be avail-
able.    The verdict was returned in the Jackson Cir-
cuit Court on the last day of the term, the case being
tried by a special judge.    The regular judge on that
day made an order calling an adjourned term, ap-
pointing a time for it to begin; that made the ad-
journed or special term come between that and the
next regular term.    Due notice was given, and such
adjourned term was held accordingly.    The motion
for a new trial was not filed on the day the term of
court closed, but the court allowed defendants until
the first day of the next term to present their motion
for a new trial, but without consent of or notice to
plaintiffs.    The defendants did not present or file the
motion at the adjourned or special term.    The stat-
ute provides: "The application for a new trial may be
made at any time during the term at which the verdict
or decision is rendered; and if the verdict or decision
be rendered on the last day of the session of any

court, or on the last day of any term, then, on the first day of the next term of such court, whether general, special, or adjourned." Section 570, Burns' R. S. 1894 (561, R. S. 1881). The court had no right to extend the time for filing the motion beyond the time fixed by law for filing the same, especially in the absence and without the consent of the appellees. *Cutsinger* v. *Nebeker,* 58 Ind. 401; *Pennsylvania Co.* v. *Sedwick,* 59 Ind. 336; *Evansville, etc., R. R. Co.* v. *Maddux,* 134 Ind. 571. The statute carried the motion forward to the next term whether general, special, or adjourned. Whichever one of these kind of terms came next after the term at which the trial took place would be and was the next term within the meaning of the statute. Therefore the application should have been made at the adjourned term.

For the errors of overruling the demurrer to the complaint for insufficiency of the complaint, and error in sustaining the demurrer to the second paragraph of the answer, the judgment must be, and is, reversed.