Swales v. Grubbs et al.

No. 753.

SWALES v. GRUBBS ET AL.

PARTIES.—*Malicious Prosecution.*—*Action for Damages.*—*When Several May Join as Parties Plaintiff.*—*Rule as to.*—Two or more persons who have been maliciously prosecuted may join in an action for damages for expenses jointly incurred in defending the same, as for attorney's fees, etc. ; but, as a rule, such actions can not be jointly maintained, as in such cases there is generally a separate injury inflicted, for which only a separate action can be maintained. Loss of time, hotel and livery bills, do not appear to be joint expenses in such a case.

PLEADING.—*Misjoinder of Parties Plaintiff.*—*Demurrer for Want of Facts.*—*Sufficiency.*—*Joinder of Husband and Wife.*—A complaint which does not show a cause of action in all the parties plaintiff, is bad on demurrer for want of sufficient facts, except where the husband joins with his wife in an action for injuries to her person or character.

STATUTE OF LIMITATIONS.—*Statement of Claim in Gross.*—*When Limitation Will not Affect.*—*Presumption.*—Where a claim for attorney's fees is stated in gross, and no motion is made to have the claim itemized, the court can not say that judgment rendered thereon is erroneous because a part of the claim may have been barred by limitation. Every reasonable presumption will be indulged in favor of the correctness of the action of the trial court, unless error is affirmatively made to appear by the record.

From the Ohio Circuit Court.

*H. D. McMullen, W. R. Johnston, H. R. McMullen* and *W. N. Hauck,* for appellant.

*N. S. Givan, G. M. Roberts* and *C. W. Stapp,* for appellees.

RĒINHARD, C. J.—The appellees, Lewis Grubbs, Wilson Grubbs, and Reason Grubbs, sued the appellant in the Dearborn Circuit Court for malicious prosecution. The venue was changed to the court below, whereupon issues were joined, the cause was tried by a special judge, and there was a finding and judgment for the appellees in the sum of $375. There was a demurrer to the complaint for the want of facts sufficient to constitute a cause of action, which demurrer was overruled, and an exception reserved.

It is urged against the complaint that it shows upon its face that the plaintiffs have no joint interest in the cause of action. The complaint, omitting the introductory part, is as follows:

"Come the plaintiffs and for cause of action say that James Grubbs deceased, who died intestate on the 18th day of March, 1886, was the father of the plaintiffs, and was the father-in-law of the defendant, and prior to March 13th, 1883, was the owner of several tracts of real estate situate in the county of Dearborn, and State of Indiana, containing in all about 320 acres of land, which, on and before April 27th, 1887, was of the value of $30 per acre; that, on the 13th day of March, 1883, said James Grubbs and his wife conveyed by deed to the plaintiffs Wilson Grubbs, Lewis C. Grubbs, and Reason Grubbs, a part of said land to each of them, and on the 8th day of March, 1886, conveyed a part of said land to Sarah F. Harsley, and the grantees in such conveyances owned the land so conveyed to them on the said 27th day of April, 1887; that the defendant, on the 27th day of April, 1887, wrongfully, maliciously, without any probable cause, and for the purpose of harassing and annoying the plaintiffs, filed in the Dearborn Circuit Court, of Dearborn County, Indiana, a complaint against the plaintiffs and others, and wrongfully, maliciously, and without probable cause, caused a summons to be issued to and served upon the plaintiffs, requiring them to appear and answer such complaint, knowingly, wrongfully, maliciously, and without probable cause, and for the purpose of harassing and annoying plaintiff, falsely and knowingly averred, among other things, that said James Grubbs, when said deeds were made, was indebted to him, the defendant, in a sum of over eleven hundred dollars upon three alleged promissory notes, which were, in said complaint, knowingly and falsely alleged to have been executed by said James Grubbs to said defendant Swales, and which were, in said complaint,

falsely alleged to have been executed upon the dates, in the amounts, and to the parties as follows:

" One for $300, dated November 20th, 1870, payable one day after date to the order of the defendant Francis Swales, and purporting to have been signed by said James Grubbs; one for $300, dated November 15th, 1859, payable one day after date to the order of the defendant Francis Swales, and purporting to have been signed by said James Grubbs; and one for $530, dated September 20th, 1885, payable one day after date to the order of said Francis Swales, and purporting to have been signed by said James Grubbs, and alleged copies of these pretended notes were filed with and made a part of said complaint, and which pretended copies purported to be and were, in said complaint, falsely alleged to be copies of said three pretended notes sued on in said complaint, all of which was maliciously, falsely, and without probable cause alleged in said complaint by the defendant, he, defendant, well knowing that neither of said notes was ever executed by said James Grubbs. And this defendant, in his said complaint, maliciously, falsely, and without probable cause, further alleged, that said conveyances made by said James Grubbs to these plaintiffs were made with the fraudulent purpose of preventing the collections by the defendant of said notes, and this defendant made the administrator of said James Grubbs' estate a party defendant to his said complaint, and in his said complaint demanded judgment upon said pretended notes, and a decree of the court against these plaintiffs, setting aside and declaring null and void said conveyances of real estate so made, and asking that the same be subjected to the payment of said alleged notes; that these plaintiffs, defendants in that action, were required to and did answer said complaint, and among other answers denied by verified answer that said James Grubbs had ever executed said alleged notes, or either of them, and, also, denied all allegations of said complaint; and the issues

being duly joined therein, said cause was duly submitted to the court for trial, and such further proceedings were had, that upon the 29th day of March, 1888, it was duly found and adjudged by the court that said pretended notes were not, nor were either of them, ever executed by said James Grubbs, and that the plaintiff therein was entitled to no relief in said cause, and that these plaintiffs and the others that were defendants in said cause, recover of and from the defendants their costs therein laid out and expended, from which judgment this defendant took his appeal to the Supreme Court of Indiana, and by the decision of said court said judgment was, on the 19th day of November, 1890, in all things affirmed, and said prosecution was then fully terminated, and said judgment yet remains. of record, and in full force and effect; that in defending said pretended cause of action so maliciously begun, as aforesaid, these plaintiffs were compelled to, and did, employ counsel, and incurred a necessary expense of $500, and were compelled to and did each lose more than one month's time of the value of one hundred dollars to each thereof, and they were damaged on account of said time lost in the sum of $1,000, and have incurred other necessary expense in the sum of $500, and were compelled to suffer great. annoyance and worry. Wherefore they ask judgment against the defendants in the sum of $2,000, and all proper relief."

It is well settled that a complaint in which several plaintiffs join, which fails to disclose a joint cause of action in favor of all such plaintiffs, is bad on demurrer for the want of sufficient facts. *Darkies* v. *Bellows*, 94 Ind. 64; *Peters* v. *Guthrie*, 119 Ind. 44; *Brumfield* v. *Drook*, 101 Ind. 190; *Holzman* v. *Hibben*, 100 Ind. 338.

An exception to this rule is when a husband joins his wife as plaintiff in an action brought by her for injuries to her person or character. *Roller* v. *Blair*, 96 Ind. 203; *Ohio, etc., R. W. Co.* v. *Cosby*, 107 Ind. 32.

Swales v. Grubbs *et al.*

In an action for damages on account of a tort, where the injury is to the person, the right of recovery as a rule is several, though the injury may have been inflicted upon the same plaintiffs and at the same time, unless there be a joint suffering, as where a partnership firm by a libel or slander suffer or sustain an injury to their partnership business. As a general rule two or more persons can not sue jointly for the malicious prosecution of all, as in such a case there is a separate injury inflicted upon each one for which he may maintain his action. But when the special damage sued for is for expenses jointly incurred in their defense, it has been held that a joint action may be maintained for the same. Bliss on Code Pleading, section 26, and notes; *Barratt* v. *Collins*, 10 Moore's Rep., 446; Thornton's Ind. Pr. Code, An., section 262, note 16; 17 Am. and Eng. Ency. Law, 601 and notes.

Under the rule above stated, we think the complaint discloses a good cause of action in favor of all the plaintiffs as to the item of attorney's fees. We do not think the position tenable that these expenses were incurred separately. It is averred that the plaintiffs were compelled to pay counsel fees amounting to $500 in defending themselves against the alleged malicious prosecution, and, in view of the nature of the action, we are of the opinion that this was a sufficient allegation of a joint liability and payment. *Barratt* v. *Collins, supra.*

There was no error in overruling the demurrer.

At the request of the appellant, the court made a special finding of facts, and stated its conclusions of law from the same. The facts found are substantially as alleged in the complaint. The third finding is as follows:

"3. That in defending said action in the Dearborn Circuit Court, and in resisting said appeal to the Supreme Court, the said Wilson Grubbs, Lewis C. Grubbs, and Reason Grubbs employed attorneys at a reasonable expense of

$300, and each of said parties, said Wilson Grubbs, Lewis C. Grubbs, and Reason Grubbs, necessarily incurred for loss of time, hotel and livery expenses an expense of $25."

The item of $75 for loss of time, hotel and livery bills, does not appear to have been a joint expense. On the contrary, the special finding expressly shows that each of the appellees incurred $25 on this account. The exceptions to the several conclusions of law test the correctness thereof as to amounts adjudged to be due the appellees, as well as to other questions passéd upon. We think it sufficiently appears that the expense for counsel fees was a joint one, and that the appellees were entitled to recover $300 upon it.

The court, therefore, erred in its conclusion that appellees were entitled to recover judgment against the appellant for $375. The amount should have been $300.

The remaining question for our consideration arises on the plea of the two years' statute of limitations filed. The special findings show that the judgment in the action constituting the alleged malicious prosecution was rendered in the Dearborn Circuit Court on the 29th day of March, 1888. The present action was commenced by the filing of the complaint on the 6th day of February, 1891, or more than two years after the rendition of said judgment.

Section 293, R. S. 1881, provides that actions for injuries to person or character must be commenced within two years.

There was an appeal to the Supreme Court, where the cause was affirmed on the 19th day of November, 1890. *Swales* v. *Grubbs*, 126 Ind. 106.

The appellant insists that the cause of action accrued upon the rendition of the judgment in the circuit court, while the appellees as earnestly contend that the statute did not begin to run until after the termination of the suit in the Supreme Court. Whatever view we take of this question the result, we think, must be the same. It is not stated in the complaint how much of the attorney's fee was incur-

red in the circuit court, and how much in the Supreme Court. It is averred that in both courts $500 was expended. There was no attempt made to have the items separated, or the complaint made more specific. It will not be denied, we think, that an action for the Supreme Court expenses would lie, even if the other portion of the fees was barred. Nor does the special finding disclose what portion of the attorney's fees were for services in the circuit court and what portion for services in the Supreme Court. No motion was made to have the court so modify its finding as to set forth these facts with particularity. There being but one item of attorney's fees, and that being for fees paid in both proceedings, we are unable to determine how much is the excess, if any, over and above the correct amount. Conceding, without deciding, that the item for fees in the circuit court is barred by the statute, we are still unable to say that any portion of the $300 allowed was incurred in that court. The rule is familiar that every reasonable presumption is in favor of the correctness of the court's ruling until error is made to appear affirmatively by the record. In the absence of an affirmative showing to the contrary, and assuming that the item of expense for resisting the suit in the circuit court is barred, we must indulge the presumption that the entire amount of $300 attorney's fees was for services rendered the appellees in resisting the appeal in the Supreme Court.

Judgment reversed, with directions to the circuit court to restate its first conclusion of law to the effect that the appellees are entitled to recover judgment against the appellant for three hundred dollars.

Filed April 11, 1893.