## O'CONNOR ET AL. *v.* BAUM ET AL.

[No. 8,286. Filed January 30, 1913. Rehearing denied April 22, 1913. Transfer denied October 10, 1913.]

1. QUIETING TITLE.—*Complaint.—Averment of Title.—Sufficiency.—* In an action to recover for gravel taken from certain land and to quiet title to such land, a complaint alleging that plaintiffs are the owners in fee simple by descent from their father, is not insufficient on the theory that by further alleging, that during the year 1906 and prior thereto their father was the owner in fee simple and in possession, and that during such year he sold and delivered gravel to defendant, plaintiffs attempted to set out their title specifically, and that they failed to allege that their father was the owner at the time of his death, since the latter allegations in no way affect the general averment as to plaintiffs' title, but are proper as showing that their father was the owner at the time the gravel was sold. p. 199.

2. QUIETING TITLE. — *Judgment.* — *Sufficiency of Description.* — A description of lands in a judgment quieting title is sufficient, if by the aid of a competent surveyor and persons knowing the location of monuments mentioned as points in the boundaries the lands can be found, and, since a mill race is a fixed and determined object having a well-defined channel and banks, a description in a complaint and verdict was sufficient in which the land was accurately described by metes and bounds excepting the right of way for a "mill race passing through said land where it now is." p. 200.

3. TRIAL.—*Issues.—Sufficiency of Verdict.—Venire De Novo.* — In an action to quiet plaintiffs' title and to recover the value of gravel taken from certain land, in which, on affidavit of defendant, one who claimed some interest in the gravel was made a party defendant and filed a cross-complaint in which he claimed the right to payment for the gravel and sought to have his title quieted to the real estate from which it was taken, a verdict that

plaintiffs were owners in fee simple and that neither defendant had any title or interest in the land, that the original defendant owed plaintiffs for the gravel and that cross-complainant had no rights as to the gravel, sufficiently decides the issues as to cross-complainant's right to have title quieted in him, and his right as to the money for the gravel, so that the motion for a *venire de novo* was properly overruled. p. 201.

4. TRIAL.—*Verdict.*—*Venire De Novo.*—A motion for a *venire de novo* does not lie unless the verdict fails to cover every material issue with sufficient clearness and certainty to enable the court to properly render a judgment thereon. p. 201.

5. QUIETING TITLE.—*Cross-Complaint.*—*Sufficiency.*—In an action for the price of gravel taken in the year 1906 from land claimed by plaintiffs, a cross-complaint stating that defendant was the owner of the land in 1906 and praying that his title be quieted, was insufficient to warrant relief quieting his title, because defendant's present ownership was not alleged. p. 202.

6. TRIAL. — *Instructions.* — *Duty to Request.* — Where the court gives the usual and ordinary instructions applicable, and a party believes that he is entitled to other or fuller instructions, it is his duty to tender and request such instructions, or a modification of those given, and, failing to do so, he cannot complain that those given were not as full and complete as might be desired. p. 202.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by Edwin Baum and others against John C. O'Connor and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*L. D. Boyd* and *George W. Julian,* for appellants.
*James O. Obear* and *Edward E. Pruitt,* for appellees.

IBACH, C. J.—This action was originally brought by George W. Baum, now deceased, against appellant O'Connor, on account for the price of some gravel. Upon affidavit by appellant O'Connor, appellant Bowen was made a party defendant, as claiming some interest in the gravel, for the price of which the action was brought, and appellant Bowen afterwards filed his cross-complaint, setting up that appellant O'Connor was indebted to him for gravel to the amount of $50, also asking that the title to certain lands, from which he claimed the gravel had been taken, be quieted in him.

After the death of George W. Baum, appellees, who are his sons and heirs, were substituted as plaintiffs and they filed an amended complaint, the first paragraph asking for judgment for the price of the gravel, the second asking in addition that their title be quieted to certain lands therein described. By mutual consent it was agreed that the question of title should be thus blended with the action for the price of the gravel, and all matters should be determined in one suit. An answer in general denial was filed, the cause was tried by the court, a new trial granted, and the cause tried by a jury, who found for appellees upon their amended complaint.

Error is predicated upon the insufficiency of the amended second paragraph of complaint to withstand the demurrers of each appellant, and upon the action of the court in overruling a motion for new trial, motion for•*venire de novo,* and motion in arrest of judgment.

The second paragraph of amended complaint first alleges that George W. Baum departed this life intestate on April 9, 1907, and left plaintiffs as his sole and only heirs at law; that no letters of administration have been granted on his estate, that the estate is solvent and there are no liabilities or debts against it; that the plaintiffs are the owners in fee simple by descent from their father George W. Baum and are in possession of the following described real estate: "A part of the east half of the northeast quarter of section twenty-nine in township twenty-five north, range two west, more particularly described as follows: Commencing at the southeast corner of the northeast quarter of said section twenty-nine, running thence north on the east line of said section a distance of thirty-two and one half chains more or less to the south bank of Deer Creek; thence down said creek north $73\frac{1}{2}$ degrees west, 20 rods; thence south $63\frac{1}{2}$ degrees west 9 rods; thence south 30 degrees west 34 rods; thence south 9 degrees west to a point where the same is intersected by the upper or northerly side of the waste-weir

of the old millrace passing through said real estate; thence eastwardly with said upper or northerly side of said waste-weir to said millrace; thence across said millrace angling upward to a sycamore tree standing at the edge of the water on the southerly side of said millrace about 35 feet above said upper or northerly side of said waste-weir, and to which tree was formerly nailed the northerly end of a post and plank fence dividing the hillside lands now owned by the heirs and legatees of Abram B. Martin, deceased, from those of the said plaintiffs herein; thence up the hill south 22 degrees and 10 minutes west with said old fence line to a point where said line intersects the northerly side of the public highway running through the lands of these plaintiffs and the lands of the heirs of said Abram B. Martin, deceased; thence south 5 degree east to the south line of said northeast quarter of said section 29; thence east on said line to the place of beginning, containing thirty-three acres, more or less, except the right of way for the said millrace passing through said land where it now is, and as reserved in a certain deed executed by Samuel Milroy et al. to George W. Baum, which deed is recorded in Record 24, page 32 of Deed Records of Carroll County, Indiana." It is then alleged that George W. Baum was the owner in fee simple and in possession of said described real estate during the year 1906, and for more than twenty years prior thereto, and that during the year 1906 said George W. Baum sold and delivered to defendant O'Connor 1096 cubic yards of gravel from said above described real estate, and on account thereof is indebted to these plaintiffs in the sum of $91.33. That defendant Bowen claims to have owned and to now own said real estate, or some part thereof from which said gravel was taken, and claims that part of said sum is due and payable to him; that said claim of defendant Bowen to said real estate is without right and unfounded, adverse to the plaintiffs' rights and a cloud upon their title to said real estate.

Appellants claim that this paragraph of complaint is

insufficient because it attempts to give the source of appellees' title to the lands described, and does not allege

1. specifically that George W. Baum was the owner of the lands at the time of his death. They admit that the general averment that plaintiffs are the owners in fee simple by descent from their father, would be sufficient if standing alone, but they urge that the rule applicable is that set out in *Spencer* v. *McGonagle* (1886), 107 Ind. 410, 8 N. E. 266, holding that, "Where a plaintiff undertakes to set forth the facts which constitute his title, he will fail unless the facts are sufficient to clothe him with the title asserted, and it is the facts specifically pleaded which will control, and not the general averments of the pleading." This principle does not apply here, for the reason that the averment in the complaint that George W. Baum was the owner of the lands during 1906 is not an attempt to trace the title of appellees, but is merely a showing that at the time the gravel was sold, he was the owner of the lands from which the gravel was taken, and is an eminently proper and essential allegation, in no way connected with, and in no way in conflict with, the general averment as to appellees' title.

It is also contended that the description of the lands which is contained in the second paragraph of the complaint is not sufficient as against demurrer, and since this description is carried forward in the verdict, the verdict is insufficient to withstand motion for *venire de novo*, or motion in arrest of judgment. The part of the description to which appellants object is in the following words: "Except the right of way for said millrace passing through said land where it now is, and as reserved in a certain deed executed by Samuel Milroy, et al., to George W. Baum, which deed is recorded in Deed Record 24, at page 32, of the records of Carroll County, Indiana." Appellants admit that many cases hold that a deed describing the lands as in the complaint and in the verdict, would be sufficient, but they claim the description insufficient on which to render a judgment in a proceeding

in ejectment, or to quiet title, and say, "that where it is attempted to establish title by reference to some other instrument, then the line fixing the exception and separating the exception from the grant, as disclosed by said instrument, should be described in the complaint and described in the verdict; this was not done in this case. This verdict requires a person who wants to know the exact boundary of this exception, and who wants to know the amount of land included in the description herein, and who wants to know the amount of land included in this verdict, to go to the records in the recorder's office, and see the deed, and from the deed determine said fact. What this deed might disclose is not stated in the complaint nor in the verdict." The rule is that

2.  a description of lands is sufficient, in a judgment in ejectment, or quieting title, if by the aid of a competent surveyor and persons knowing the location of monuments mentioned as points in the boundaries, the lands can be found. *Brown* v. *Anderson* (1883), 90 Ind. 93; *Reid* v. *Mitchell* (1883), 95 Ind. 397; *Collins* v. *Dresslar* (1892), 133 Ind. 290, 32 N. E. 883. The description of the lands refers several times to the millrace as a monument. A millrace has been held to be a fixed artificial monument in *Higinbotham* v. *Stoddard* (1878), 72 N. Y. 94. In *Pence* v. *Armstrong* (1883), 95 Ind. 191, a right of way of a railroad is held a visible monument. From the description under consideration, the sheriff assisted by a qualified surveyor could very readily locate the lands and the right of way which is excepted in the description of the lands owned by appellees. The millrace is a watercourse or canal, it has a well defined channel and banks, is a fixed and determined object within the limits of the land described, and there would be no difficulty in tracing such watercourse, and in fixing the channel and banks. We hold the description of the exception sufficient in the complaint and in the verdict.

Again, appellant Bowen insists that certain issues which he claims were presented to the jury, namely his right to the money for the gravel removed by appellant O'Connor, and the right to have his title quieted to the real estate described in his cross-complaint, were left undecided by the verdict, and for this reason his motion for *venire de novo* should have been sustained. The trial court did not err in overruling this motion, unless it appears that the finding of the jury failed to cover every material issue with sufficient clearness and certainty to enable the court properly to render a judgment thereon. *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64; *Garrett* v. *State, ex rel.* (1898), 149 Ind. 264, 49 N. E. 33. The verdict of the jury is in the following form: "We, the jury, find for the plaintiffs; that said plaintiffs (naming them) are owners in fee simple and in possession of the following described real estate in Carroll County, Indiana, to wit: (Here follows description as in complaint.) That neither of said defendants to this complaint, to wit; John C. O'Connor or Abner T. Bowen, have any right, title or interest in and to said above real estate, and that said plaintiffs' title in and to said above described real estate be quieted and forever set at rest as against any claims of either of said defendants. We further find for the plaintiffs as against the defendant, John C. O'Connor, that there is due and unpaid from said O'Connor to said plaintiffs for gravel received and used by him, as set forth in said plaintiffs' complaint and taken from said above described real estate, the sum of seventy-five dollars, and that the said defendant Abner T. Bowen has no right, title or interest in and to said gravel so taken, as set forth in said plaintiffs' complaint, or to the funds in payment thereof." The facts found in the verdict show that appellant Bowen has no interest in the fund for the gravel removed, and is not entitled to have his title quieted to any lands described in appellees'

complaint, but that appellees are entitled to the said money, and to have their title to the land put at rest. The verdict finds upon every material issue presented by the pleadings, and the facts stated therein are sufficiently clear and certain to enable the court to fully understand it, and pronounce judgment thereon. The motion for *venire de novo* was properly overruled on this ground. *Marsh* v. *Morris* (1892), 133 Ind. 548, 33 N. E. 290; *Peters* v. *Banta* (1889), 120 Ind. 416, 22 N. E. 95, 23 N. E. 84; *Jonas* v. *Hirshburg* (1897), 18 Ind. App. 581, 594, 48 N. E. 656.

Further, appellant Bowen's cross-complaint was not such that title to any real estate could be quieted in him, for in it he does not allege that he is the owner of any real estate at the time of the trial, only that in the year 1906 he was the owner of certain real estate in Carroll County, Indiana, described, the description including part of the lands described in appellees' complaint. He then claims an interest in the proceeds of the gravel sold, and asks that his title be quieted to the described lands. This cross-complaint is only sufficient to present his claim to an interest in the money, and every issue presented by it was fully determined in the verdict.

What we have said disposes of the alleged errors in the court's action as to the demurrers, the motion for *venire de novo,* and the motion in arrest of judgment. Finally, under his motion for new trial appellant Bowen urges error in the giving of certain instructions to the jury. We have examined each of these instructions, and find that they were the usual and ordinary instructions as to burden of proof, and by them the jury was sufficiently instructed upon that branch of the case. Besides, if appellant Bowen believed that he was entitled to other or fuller instructions, or to some particular instruction applicable to the case, he should have prepared such instruction or modification of those given, and should have asked that the same

be given to the jury. This request was not made, and he can not now complain because the instructions were not as full and complete as he might have desired. No error appearing, the judgment is affirmed.

NOTE.—Reported in 100 N. E. 581. See, also, under (1) 32 Cyc. 1351; (2) 32 Cyc. 1378; (5) 32 Cyc. 1364; (6) 38 Cyc. 1693. As to suits to quiet title, see 67 Am. Dec. 110; 45 Am. St. 373.