## WHEATCRAFT *v.* WHEATCRAFT ET AL.

[No. 8,008. Filed June 6, 1913. Rehearing denied October 28, 1913. Transfer denied December 19, 1913.]

1. TRUSTS.—*Action to Remove Trustee.*—*Jurisdiction.*—A petition merely seeking the removal of a trustee, resident of a county other than that in which the trust estate is situate, and showing that the real estate in which the trust was created is situate in the county where the petition was filed, and that the deed was recorded in such county, brings the proceeding within the general rule giving jurisdiction of a trust to the circuit court of the county in which it was created. p. 286.

2. PLEADING.— *Complaint.*— *Parties.*—A complaint in which more than one plaintiff joins must state a cause of action in favor of all the parties joining therein to be sufficient against a demurrer for want of facts. p. 287.

3. TRUSTS.—*Construction of Trust Deed.*—"*Child*".—"*Children*".— Although *prima facie* the word "child" or "children" when used

in a statute or will means legitimate child or children, where it appears that at the time of creating a trust in real estate in favor of grantor's daughter, with remainder to the child or children of such daughter, such daughter was unmarried and had a child then in being, it must be presumed that the deed was made with reference to the existence of such child. p. 287.

4. TRUSTS.— *Action to Remove Trustee.— Complaint.— Parties.— Joinder of Remainderman and Cestui Que Trust.*—A complaint, in which the *cestui que trust* and the remainderman joined as plaintiffs, seeking the removal of the trustee, and which disclosed that the *cestui* was to receive the rents and profits of the estate annually during life and that at her death the trust should terminate and the real estate should go to such remainderman, sufficiently showed an interest entitling the latter to join as plaintiff. p. 288.

5. REMAINDERS.—*Vesting of Estate.*—The law favors the vesting of remainders at the earliest possible moment. p. 288.

6. TRUSTS.—*Action to Remove Trustee.—Grounds.—Interest of Remainderman.*—Where the only purpose of an action was the removal of a trustee on account of a breach of his trust, both the *cestui que trust* and the remainderman, being interested in the faithful performance of the trust, were properly joined as plaintiffs, in view of §4023 Burns 1908, §2980 R. S. 1881, providing that trustees may be removed for the violation or attempted violation of any express trust, or for other causes, on petition of any person interested, and the complaint was not insufficient, although the causes assigned for removal did not directly affect or harm such remainderman. p. 288.

7. TRUSTS.— *Removal of Trustee.— Grounds.— Complaint.*—While not every violation of duty or mismanagement on the part of a trustee will necessitate his removal, especially if the trust fund is not thereby endangered, under §4023 Burns 1908, §2980 R. S. 1881, providing for the removal of trustees, a breach of the trust is sufficient ground for removal if it endangers or impairs the trust fund; hence a complaint seeking the removal of a trustee for the reason that he had not annually paid over to the *cestui que trust* the rents and profits of the estate as provided in the trust deed was sufficient to meet the requirements of the statute. p. 290.

From Marion Circuit Court (18,901); *Charles Remster.* Judge.

Action by Fannie E. Wheatcraft and another against Harvey H. Wheatcraft. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*J. F. Crawford* and *E. A. McAlpin,* for appellant.
*L. Ert Slack,* for appellees.

HOTTEL, P. J.—On March 10, 1904, Eliza J. McAlpin, then the owner in fee simple of four separate tracts of real estate aggregating about eighty-one acres situated in Marion County, Indiana, conveyed and quitclaimed it to the appellant Harvey H. Wheatcraft of Johnson County, Indiana, as trustee. The provisions of the trust created by such deed are as follows:

"This indenture Witnesseth, that Henry Alexander McAlpin and Eliza J. McAlpin, his wife, of Marion County, and State of Indiana, convey and quitclaim, to Harvey H. Wheatcraft, of Johnson County and State of Indiana, as trustee, for the sum of One Dollar, the following Real Estate, in Marion County, Indiana, to wit: (Here follows description.) Said Harvey H. Wheatcraft, is to have and to hold said real estate, however, in trust for the following purposes, to wit: Said trustee is to manage and control said real estate for and during the natural life of Fannie E. Wheatcraft, daughter of said Eliza J. McAlpin, and is to account to and to pay over to said Fannie E. Wheatcraft during her natural life the net rents and profits of said real estate annually, said trustee to keep said property in good repair and to pay all taxes and other liens thereon. At the death of said Fannie E. Wheatcraft, said trust is to terminate and said real estate is to go to the child or children of said Fannie E. Wheatcraft then living and to the descendants of such as are dead, the descendants of any deceased child taking the same interest the parent would have taken if alive. This conveyance is made subject to a life estate in and to the above described real estate in the said Eliza J. McAlpin, which is hereby reserved from this conveyance, and she is to have the possession and control thereof during her natural life. The said child or children above mentioned to take as purchasers under this deed." .

Appellee Fannie E. Wheatcraft, at the time of the execution of such deed, was unmarried, and was the only child of the grantor. Appellee Grace Wheatcraft was then in life and was the only child of said Fannie. In March, 1905,

Eliza J. McAlpin died intestate leaving said Fannie as her only child and heir. On April 24, 1905, the trust deed was recorded in deed record — in Marion County, Indiana. On December 18, 1909, Grace Wheatcraft was married to David R. Tilton, and on March 23, 1910, she and her mother Fannie joined in a petition filed in the Marion Circuit Court in which they, for the reasons therein set forth, asked a removal of the trustee. To this petition appellant filed a verified plea in abatement in which he alleged that he was then, and for more than twenty years prior thereto, had been, a resident of Johnson County, Indiana. To this plea a demurrer for want of facts was sustained and such ruling is assigned and relied on as error. A demurrer to the complaint and separate demurrers to each of the several grounds for removal, Nos. 2, 3, 4, 5, 6, 8, 11 and 12 were each overruled, and to each ruling appellant saved proper exceptions. These rulings are also assigned as error, and relied on for reversal. An answer in denial, three paragraphs of affirmative answer and a reply in denial closed the issues. There was a trial, and a 'general finding for appellees and that appellant be removed. A motion for new trial was overruled and this ruling is assigned and relied on as error.

The question presented by the ruling on the demurrer to the plea in abatement, requires us to determine whether the place of residence of the trustee controls the question of jurisdiction in such cases. The real estate in which the trust was created and over which the trustee, as such, was to exercise management and control was in Marion County. The deed creating the trust was recorded in Marion County. The petition sought the removal of the trustee and nothing more. It did not ask a personal judgment against appellant and tendered no issue that in any way affected his person or property, but sought only to relieve the trust estate of appellant's management and control. The facts averred in the petition and the relief sought therein bring it within the general rule which

gives jurisdiction of a trust to a circuit court of the county in which it is created. §§4023, 4039, 4040 Burns 1908, §§2980, 2996, 2997 R. S. 1881; *Thiebaud* v. *Dufour* (1876), 54 Ind. 320, 327; *Tucker* v. *State, ex* rel. (1880), 72 Ind. 242, 246; *Hinds* v. *Hinds* (1882), 85 Ind. 312, 316; *Premier Steel Co.* v. *Yandes* (1894), 139 Ind. 307, 316, 38 N. E. 849. It is urged against the complaint that it does not state facts sufficient to constitute a cause of action in favor of appellee Grace Tilton, and that for this reason the demurrer thereto should have been sustained. Appellant's contention
2. that a complaint in which more than one plaintiff joins must state a cause of action in favor of all the parties joining therein to make it sufficient against a demurrer for want of facts is supported by authority. *Darkies* v. *Bellows* (1884), 94 Ind. 64, 66; *Holzman* v. *Hibben* (1885), 100 Ind. 338, 339, 340; *McIntosh* v. *Zaring* (1898), 150 Ind. 301, 313, 49 N. E. 164, and authorities there cited; *Swales* v. *Grubbs* (1893), 6 Ind. App. 477, 480, 33 N. E. 1124. It is insisted that the complaint shows that
3. Fannie E. Wheatcraft was unmarried and that the words "child" or "children" as used in the deed here involved means the legitimate child or children of said Fannie, and that the complaint therefore shows upon its fact that Grace Tilton has no interest in the trust involved, and hence no cause of action was stated in her favor. "It is a rule of construction that *prima facie* the word child or children when used either in a statute or will, means legitimate child or children." *McDonald* v. *Pittsburgh, etc., R. Co.* (1896), 144 Ind. 459, 461, 43 N. E. 447, 55 Am. St. 185, 32 L. R. A. 309. See, also, *Jackson* v. *Hocke* (1908), 171 Ind. 371, 373, 84 N. E. 830, and authorities there cited. In the complaint before us, however, it appears by necessary inference, that Grace Tilton was in being when Eliza J. McAlpin made the deed in question, and was the only child of said Fannie E. Wheatcraft in being at that time. Mrs. McAlpin having made the deed in question after the birth

of her grandchild, Grace, she will be presumed to have made it with reference to the existence of such grandchild.

It is further insisted by appellant that by the terms of the deed in question, the appellee, Grace, at the time of the filing of the petition herein, had no vested interest in the remainder in the fee but only a contingent remainder therein, and that for this reason the complaint fails to show a cause of action in her. The law favors the vesting of remainders at the earliest possible moment; *Myers* v. *Carney* (1908), 171 Ind. 379, 84 N. E. 400, and authorities there cited; but whether, by the provisions of the deed in question, the interest of appellee Grace in the real estate be treated as vested, or contingent only, the complaint shows that she had such an interest in the subject of the action as entitled her, under §263 Burns 1908, §262 R. S. 1881, to join as a plaintiff.

It is urged against the ruling on the separate demurrers to the several grounds alleged for the removal of the trustee that neither of them shows any cause for removal in favor of Grace Tilton and that therefore the separate demurrer to such grounds should have been sustained. This contention is especially made with reference to grounds two and three. These grounds are as follows: "2. He has not paid to Fannie Wheatcraft the rents 'of said real estate annually, as provided in said deed of trust.' 3. He has not accounted to Fannie Wheatcraft 'for the net rents and profits of said real estate annually as provided in said deed of trust.'" Assuming without deciding that appellant is correct in his contention that these several grounds for removal should be treated as separate paragraphs of a complaint and that each ground should be sufficient as to each plaintiff, we must determine whether the respective grounds stated, afford a cause of removal in favor of Grace Tilton. It is true in a sense that such appellee was not directly

harmed by appellant's failure to account to her coappellee, the life tenant, for the annual rents and profits of the real estate, but we must not lose sight of the nature and character of the action here involved. The only purpose of the action is the removal of the trustee on account of a breach of his trust. Section 4023 Burns 1908, *supra,* provides as follows: "Trustees having *violated or attempted to violate* any express trust, or becoming insolvent, or of whose solvency or that of their sureties there is reasonable doubt, *or for other cause in the discretion of a court having jurisdiction, may, on petition of any person interested,* after hearing, be removed by such court, and all vacancies in express trusteeships may be filled by such court." (Our italics). Both the life tenant and the remainderman are interested in a faithful performance of the trust, and the proper management and preservation of the trust estate, and we are of the opinion that the section of statute just quoted, authorizes a joint ground for removal, which shows a breach of the trust by the trustee which injuriously affected one *cestui que trust* alone, and if such breach be a sufficient cause for removal by such *cestui que trust,* it will inure to the benefit of his copetitioners and be treated as a sufficient ground of removal in favor of them. It must be remembered that it is the breach of the duty, and its effect on the trust estate, and not the extent of its effect on any one *cestui que trust,* that furnishes the cause of action or ground of removal, and such removal by one, necessarily operates as a removal for all. For these reasons we think any *cestui que trust* may join with another *cestui que trust* whose interest is not adverse, in a petition to remove the trustee and they may jointly allege any violation of duty by the trustee which furnishes sufficient ground for his removal, though such violation may have directly affected one only of the parties joining. Of course, in an action to recover damages resulting from the violation of the duty, an

entirely different question would be presented. In support of our conclusion on this question see, *Gartside* v. *Gartside* (1892), 113 Mo. 348, 358.

Finally it is insisted in effect that the complaint, and each of the grounds thereof, fails to state a cause of action in favor of either of the appellees because the trust estate is not shown to be in jeopardy, and no "actual dishonesty or incompetency on the part of appellant" is shown. It is true, as appellant contends, that it is not every violation of duty or mismanagement on the part of the trustee that will necessitate his removal, especially where the trust fund is in no danger of being lost on account of such breach of duty. 1 Perry, Trusts (5th ed.) §276; 28 Am. and Eng. Ency. Law (2d ed.) 979. It seems clear, however, under our statute and from all the decisions, that if the breach of the trust relied on, endangers or impairs the trust fund it will furnish a sufficient ground for removal. 28 Am. and Eng. Ency. Law (2d ed.) 978, 979; *Grand Rapids etc., R. Co.* v. *Cox* (1893), 8 Ind. App. 29, 35 N. E. 183, and authorities there cited; *North Carolina R. Co.* v. *Wilson* (1879), 81 N. C. 223, 230. The use of the trust estate by the trustee for his own benefit or any neglect or mismanagement which impairs or jeopardizes such estate will furnish sufficient ground for removal. 28 Am. and Eng. Ency. Law *supra; Gartside* v. *Gartside, supra; North Carolina R. Co.* v. *Wilson, supra,* 230; *Piper's Appeal* (1852), 20 Pa. St. 67; *Wilson* v. *Wilson* (1888), 145 Mass. 490, 14 N. E. 521, 1 Am. St. 477; §4023 Burns 1908, *supra.* The complaint and the several grounds for removal therein stated to which a demurrer was overruled, fully meet the requirements of the decisions cited, and the principles of law announced therein.

The only grounds of the motion for new trial discussed in appellant's brief are those alleging that the decision is contrary to law, and that it is not sustained by sufficient evidence. Practically the same questions are raised that we have already discussed in connection with the complaint,

and no necessity is indicated for their further discussion in this connection. There is evidence tending at least to support several if not all the grounds for removal to which the demurrer was overruled. We find no error in the record. Judgment affirmed.

NOTE.—Reported in 102 N. E. 42. See, also, under (1) 39 Cyc. 265; (2) 31 Cyc. 103; (3) 39 Cyc. 198; 40 Cyc. 1451; (4) 39 Cyc. 268; (7) 39 Cyc. 261, 264.