KEPERT ET AL. v. KEPERT ET AL.

[No. 11,039. Filed February 23, 1922. Rehearing denied June 1, 1922. Transfer denied May 11, 1923.]

1. PLEADING.— Complaint.— Averment of Interest.— Sufficiency.—In an action to invoke the equity powers of the court for the purpose of conserving a fund in which plaintiffs claim an interest, it is not necessary to show their interest by alleging its existence in other than general terms, but, having elected to allege its source, it is necessary that the specific facts stated in that regard should disclose such interest, in order to make the complaint sufficient as against demurrer. p. 638.

2. PLEADING.— Action to Conserve Testator's Estate.— Complaint.—Sufficiency.—Averment of Interest.—Setting out Entire Will.—In an action by remaindermen to conserve a fund derived from the sale of testator's property, plaintiffs were not required to set out in the complaint the entire will under which they claimed an interest, where they alleged that testator disposed of his estate by certain language, thereby compelling the inference that the will contained no other provisions affecting the disposition of the estate. p. 638.

3. WILLS.—Construction.—Vesting of Remainders.—The law not only favors the vesting of remainders, but it also presumes that words postponing an estate relate to the beginning of the enjoyment of the remainder, and not to the vesting of that estate; and, where an estate is created by will, it will be held to vest at the earliest possible time, in the absence of a clear manifestation of the intention of the testator to the contrary. p. 639.

4. WILLS.—Remainders.—Uncertainty as to Amount of Estate.—Vested Remainders.—A remainder is not contingent because there is an uncertainty as to the amount of the estate, or as to when the right of enjoyment will accrue, but is vested where there is a present fixed right of future enjoyment. p. 639.

5. WILLS.—Determination of whether Estate is Vested or Contingent Remainder.—Certainty as to Enjoyment in Lifetime of Remainderman.—The right and capacity of a remainderman to take possession of the estate, if the possession were to become vacant, and the certainty that the event upon which the vacancy depends must happen sometime, and not the certainty that it will happen in the lifetime of the remainderman, determine whether an estate is a vested or contingent remainder. p. 639.

6. WILLS.— Construction.— Determination whether Remainders are Vested or Contingent.—Power of Sale Conferred on Life

*Tenant.*—Whether a remainder is vested or contingent is not affected by a power of sale conferred on the life tenant by the will creating it. p. 639.

7. WILLS.—*Construction.*—*Life Estate.*—*Vesting of Remainders.* —Under a will devising to testator's wife all of testator's real and personal estate "to have and to hold the sole and exclusive use and control thereof during her natural life, with full power to sell, convey, lease or mortgage the whole or any part thereof, but not to testate or will over the same, and at her decease the remaining estate, real and personal, shall be divided equally between my children share and share alike," the interest of the remaindermen were vested and not contingent. p. 639.

8. LIFE ESTATES.—*Preservation of Estate.*—*Duty of Tenant.*— While a life tenant is entitled to the possession of the estate, and may use it for his own benefit, and appropriate to himself the proceeds arising from such use, still he holds the corpus of the estate in trust in the sense that he must exercise reasonable precautions to preserve the property intact for transmission to the remainderman at the termination of the life estate, and may not injure or dispose of it to his detriment. p. 640.

9. TRUSTS.—*Preservation of Estate in Posession of Life Tenant.* —*Appointment of Trustee.*—Remaindermen, with a vested interest in the funds in the hands of a life tenant, may have a trustee appointed to take possession thereof, and manage the same under the court's supervision, where there is actual or threatened waste, or the life tenant is physically or mentally incapable of preserving the fund or managing it prudently; and such rule is applicable to a fund derived from a sale of land made by the life tenant in pursuance of a power conferred by the will creating the estate, although the will expressly provides that the life tenant is "to have and to hold the sole and exclusive use and control thereof during her natural life," such use and control being exclusive only when exercised in carrying out the intention of the testator. p. 640.

10. TRUSTS.—*Removal of Trustee.*—*Grounds.*—*Statutes.*—When a trustee avowedly, or by a course of conduct impliedly, repudiates his trust respecting a fund, and threatens to waste it or divert it from the purpose intended, a remainderman with a vested interest therein may invoke the aid of a court of equity in the protection of his rights and ask to have the trustee removed and another appointed in his stead, under §4023 Burns 1914, §2980 R. S. 1881. p. 640.

11. LIFE ESTATES.—*Wrongful Disposition of Property by Life Tenant.*—*Right of Remainderman to Injunctive Relief.*—Where

a life tenant and others are about to wrongfully dispose of the property, and the life tenant is mentally incapable of caring for it, the remainderman may be granted an injunction restraining the doing of any act that would render any decree that might be rendered unavailing. p. 643.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Andrew E. Kepert and another against Franciska Kepert and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Edward E. Shinnick* and *J. Kopelke,* for appellants.
*William J. Whinery,* for appellees.

BATMAN, P. J.—Appellants filed an amended complaint in two paragraphs against appellees. The first paragraph alleges in substance, among other things, that appellants and appellee Mary M. Bielefeld are the children of Anton Kepert, deceased, and that appellee Franciska Kepert is his widow; that said decedent departed this life in the city of Hammond, Indiana, in April, 1890, the owner of certain real and personal property therein; that he made disposition thereof by his will, which was duly admitted to probate in the Lake Circuit Court, and is still in force; that said will disposes of the estate of said testator in the words following, to wit: "I give and devise to my wife Franciska Kepert all my real and personal estate of what nature or kind soever, to have and to hold the sole and exclusive use and control thereof during her natural life, with full power to sell, convey, lease or mortgage the whole or any part thereof, but not to testate or will over the same, and at her decease the remaining estate, real and personal, shall be divided equally between my children share and share alike." It further alleges that on January 5, 1920, said Franciska Kepert, acting under said will, sold and conveyed certain real estate, owned by said testator at his death, to wit: a lot upon State

street in said city of Hammond, to Greenwald Brothers for the sum of $35,000, and received the money therefor, which she deposited in the appellee First National Bank; that said money, except the sum of $2,000 thereof, is still on deposit in said bank, and for that reason it is made a defendant in this action; that said Franciska Kepert claims the right to hold, control and dispose of said money in any manner she chooses, and without giving appellants any account thereof; that she concealed from them the disposition made by her of said money, and refused to give them any information concerning the same; that she has no property of her own, except a lot not exceeding in value the sum of $3,000; that she threatens to convert said money to her own use, and deprive appellants of any part thereof, and will do so, if it is left to her disposition, and the same will thereby be wholly lost to them, before the time for its division under the terms of their father's said will; that said Franciska Kepert has repeatedly declared that she will give all of said money to her daughter, the appellee Mary M. Bielefeld who encourages her by persuasion to make such disposition of the same, and is thereby striving to obtain all of said money for herself; that she has declined to join with appellants in this action, and is therefore made a defendant thereto; that appellees Kepert and Bielefeld have already expended $2,-000 of the money received from the sale of said lot on a pleasure trip to California, and are about to expend another like sum for such purpose, and will do so unless enjoined. Said paragraph concludes with a demand that said Franciska Kepert be enjoined from doing any act, by which the one-third interest belonging to each of them in said fund, after the termination of her life estate therein, will be destroyed, impaired or diverted; that appellee First National Bank be enjoined from permitting such acts being done by said Kepert, and from

recognizing any attempt on her part to commit the same; that appellee Bielefeld be enjoined from co-operating with her coappellees in the diversion of said fund, and the destruction of appellants' interest therein; and that the court, for the better protection of said fund, appoint a receiver or a trustee therefor, with directions to take charge thereof, hold and administer the same under such orders as justice, and the rights of the parties may require, until the time for its final distribution in accordance with the provisions of the will of said testator.

The second paragraph of the complaint contains the same allegations as the first, and in addition thereto the following in substance: That appellee Franciska Kepert is now over 72 years of age, and is mentally and physically weak and infirm; that by reason of long association with her daughter, the appellee Mary M. Bielefeld, she is completely under her influence; that she can neither read nor write, has never sold any property or handled any large sum of money before, and is now wholly dependent upon her said daughter in her business transactions; that the said appellees Kepert and Bielefeld have both declared that appellants should not have any of the money or property left by the said Anton Kepert, but that appellee Bielefeld should have it all; that by reason of said facts the said Franciska Kepert has become and now is incompetent and unfit to further manage, control and dispose of the fund obtained from the sale of her husband's real estate; that if she is permitted to continue in control thereof, she will so convert it, as to deprive appellants of their interest therein for all time. This paragraph concludes with substantially the same demand for relief as the first. Appellees filed separate demurrers to each paragraph of the complaint, which were sustained, and, appellants refusing to plead further, judgment was rendered

against them. These several rulings of the court constitute the sole errors assigned on appeal.

It is obvious that this is an action instituted by appellants to invoke the equity powers of the court for the purpose of conserving a fund in which they claim to have an interest. In order to show such interest it was not necessary that they allege its existence in other than general terms, but, having elected to allege its source, it was necessary that the specific facts stated in that regard should disclose such interest, in order to withstand a demurrer. *Ragsdale* v. *Mitchell* (1884), 97 Ind. 458; *Spencer* v. *McGonagle* (1886), 107 Ind. 410, 8 N. E. 266; *The City of Logansport* v. *McConnell* (1890), 121 Ind. 416, 23 N. E. 264; *Dodds* v. *Winslow* (1901), 26 Ind. App. 652, 60 N. E. 458; *O'Connor* v. *Baum* (1913), 54 Ind. App. 195, 100 N. E. 581. It will be observed that appellants allege in each paragraph of their complaint, in substance, that their father, Anton Kepert, died testate, the owner of certain real and personal property; that he disposed of the same in his will by the use of certain specific language, which is quoted in each of said paragraphs; that said will was duly admitted to probate and is in full force and effect; and that the fund in question was derived from a sale by their mother, Franciska Kepert, of a certain lot of which their father died the owner. Appellees by their demurrers admit the truth of these allegations. It follows, that if said decedent did dispose of his estate by the use of the specific language quoted, as alleged, and such language shows that appellants thereby acquired an interest in the real estate so sold, that they must be held to have an interest in the fund derived from such sale, and each paragraph would be sufficient as to a showing of interest, without the presence of the entire will, since the action is not one to construe such will, and is not founded thereon. Had appellants merely al-

leged that the will of said decedent contained the specific language quoted, a different question might have been presented, but it is alleged that the testator disposed of his estate by such language, which forces the inference that the will contains no other provisions affecting the same. Appellees have cited certain decisions in an effort to lead the court to a different conclusion, but each of the same may be so far distinguished as not to be of controlling influence, in view of the nature of the instant case, and the particular facts alleged.

An examination of that portion of the will quoted in each paragraph of the complaint, and by which it is alleged that the testator disposed of his estate, 3-7. discloses that the widow of the testator took a life estate therein, and his children became remaindermen thereunder. Appellees concede this, if said quoted provision be construed as if standing alone, but contend that the remainder which his children took is a contingent, and not a vested remainder, and therefore appellants are not entitled to the relief sought. We cannot concur in this contention. It is well settled, that the law not only favors the vesting of remainders, but it also presumes that words postponing an estate relate to the beginning of the enjoyment of the remainder, and not to the vesting of that estate; that where an estate is created by will, it will be held to vest at the earliest possible time, in the absence of a clear manifestation of the intention of the testator to the contrary; that a remainder is not contingent because there is uncertainty as to the amount of the estate, or as to when the right of enjoyment will accrue, but it is vested where there is a present fixed right of future enjoyment, although the quantum may not then be known; that the right and capacity of a remainderman to take possession of the estate, if the possession were to become vacant, and the certainty that the event upon which the vacancy de-

pends must happen sometime, and not the certainty that it will happen in the lifetime of the remainderman, determine whether an estate is vested or contingent; and that whether a remainder is vested or contingent is not affected by a power of sale conferred on the life tenant by the will creating the same. *Heilman* v. *Heilman* (1891), 129 Ind. 59, 28 N. E. 310; *Bruce* v. *Bissell* (1889), 119 Ind. 525, 22 N. E. 4, 12 Am. St. 436; *Jones* v. *Chandler* (1915), 61 Ind. App. 500, 110 N. E. 235; *Smith* v. *West* (1882), 103 Ill. 332; *Ducker* v. *Burnham* (1893), 146 Ill. 1, 34 N. E. 558, 37 Am. St. 135; *Hinrichsen* v. *Hinrichsen* (1898), 172 Ill. 462, 50 N. E. 135; *Haviland* v. *Haviland* (1905), 130 Iowa 611, 105 N. W. 354, 5 L. R. A. (N. S.) 281; *Woodman* v. *Woodman* (1896), 89 Me. 128, 35 Atl. 1037. Applying these settled principles to that part of Anton Kepert's will under consideration, it is clear that appellants have a vested interest in the property of which he died the owner, as remaindermen. It may be noted in this connection, however, that in some jurisdictions it has been held, that courts will protect the interest of remaindermen, whose interests are only contingent, against waste or diversion. 16 Cyc 643; *Bender* v. *Bender* (1920), 292 Ill. 358, 127 N. E. 22; *Kollock* v. *Webb* (1900), 113 Ga. 762, 39 S. E. 339. The contentions made by appellees as to what the entire will would show, if made a part of the complaint, need not be considered, as appellants, in effect, allege that the only portion disposing of the testator's estate is set out, and if there be such other portions as appellees assert, it may be presented as a matter of defense.

We now come to the principal question involved in this appeal, and that is, whether remaindermen, who have a vested interest in the funds in the hands of a life tenant, may have a trustee appointed to take possession thereof, and manage the same

under the court's supervision, where there is actual or threatened waste, or such life tenant is physically or mentally incapable of preserving such fund or managing the same prudently, where such fund is derived from a sale of land made by such life tenant, in pursuance of a power conferred by the will creating the estates named, which expressly provides that such life tenant is "to have and to hold the sole and exclusive use and control thereof during her natural life." This court in speaking of the relation between a life tenant and remainderman, with reference to real estate in which such interests exist, has said: "There is a sense in which a life tenant is trustee for the remainderman. While he is entitled to the possession of the lands involved, and may use them for his own benefit, and appropriate to himself the proceeds arising from such use, still he holds the corpus of the estate in trust in the sense that he must exercise reasonable precautions to preserve the property intact for transmission to the remainderman at the termination of the life estate, and may not injure or dispose of it to his detriment." *Gibson* v. *Brown* (1915), 62 Ind. App. 460, 110 N. E. 716, 112 N. E. 894. We accept this as a correct statement of the law, and in support thereof cite the following: 16 Cyc 616, 643; 21 C. J. 941; 17 R. C. L. 627; *Kollock* v. *Webb, supra; In re Hamlin* (1910), 126 N. Y. Supp. 396; *Teague* v. *Dendy* (1827), (S. C.) 2 McCord Eq. 207, 16 Am. Dec. 641; *Construction Co.* v. *Withnell* (1915), 190 Mo. App. 33, 175 S. W. 260; *Whittemore* v. *Russell* (1888), 80 Me. 297, 6 Am. St. 200; *Scott* v. *Scott* (1908), 137 Iowa 239, 114 N. W. 881, 23 L. R. A. (N. S.) 716, 126 Am. St. 277. The same relationship would exist where the estate involved is personal property, as appears from the authorities cited, and would very naturally result where the property was

originally real estate, and has been converted into money by the life tenant, as in the instant case. Applying the law as stated to the facts alleged, we are constrained to hold that each paragraph of the complaint is sufficient to withstand a demurrer by appellee Franciska Kepert. The first paragraph alleges, among other things, that she "claims to be entitled to hold, control, and dispose of the money, so received by her for the real estate above mentioned, all as aforesaid, in any manner she pleases, * * * and has frequently threatened, and is now threatening to convert said moneys to her own use, and to the use of others, away from these plaintiffs, and to put them out of the reach of these plaintiffs, and to so dispose of them that they should at no time have any part thereof. * * * and has repeatedly declared she would give all of said money to her other daughter." It is further alleged in substance, that she will carry out her said threats, and thereby deprive appellants of their rights in said fund in the manner alleged, to their irreparable loss, if it is left to her free disposal. Here are allegations of an avowed purpose of a life tenant—a trustee in the eyes of the law—to violate her trust, and thwart one of the purposes of the testator, who conferred a life estate upon her. Appellees, however, call our attention to the provision in the will, which gives to Franciska Kepert "the sole and exclusive use and control" of the testator's real and personal property during her natural life. But it is evident that this use and control was to be sole and exclusive, only when exercised in carrying out the intention of the testator, and not when seeking to defeat it. While the testator, no doubt, intended that his widow should have the right to make a liberal use of the property in which she was given a life estate for the purpose of providing herself with necessities, comforts, and even luxuries, which might include traveling ex-

penses when in quest of health or pleasure, he did not intend, as we construe his will, that she should waste the property, or place the same beyond the reach of any one of his children. The allegations of the first paragraph of the complaint which show the latter purpose on her part, and the danger of its accomplishment, are the ones that make it sufficient as against the provision cited by appellees. When a trustee avowedly, or by a course of conduct impliedly, repudiates his trust respecting a fund, and threatens to waste it or divert it from the purpose intended, a remainderman with a vested interest therein may invoke the aid of a court of equity in the protection of his rights, and ask to have the trustee removed and another appointed in his stead. §4023 Burns 1914, §2980 R. S. 1881; *Wheatcraft* v. *Wheatcraft* (1913), 55 Ind. App. 283, 102 N. E. 42.

Since the second paragraph of the complaint contains the same allegations as the first, together with other matters, which show even stronger grounds for equitable relief than the first, we need not give it further consideration, in so far as the demurrer of appellee Kepert thereto is concerned. Under the facts alleged it would be the court's duty to protect the fund in question, until the rights of the parties are determined, and, if the facts warranted, would be justified in enjoining the remaining appellees from any action that would render any decree that might be rendered unavailing. The court, therefore, erred in sustaining their demurrers to each paragraph of the complaint. The judgment is reversed with directions to overrule appellees' demurrers to each paragraph of the complaint, and for further proceedings consistent with this opinion.

McMahan, J., not participating.